In making up the jury the counsel for the defendant challenged for cause those jurors who were not owners of slaves, which was overruled by the presiding judge. After a verdict for the State the defendant's counsel moved in arrest of judgment because it was not charged in the indictment that the offense was committed "violently, forcibly, and against the will of the said M. J." His Honor, Judge Norwood, for this cause arrested the judgment, whereupon the solicitor prayed an appeal to this Court.
Rape is the carnal knowledge of a female, forcibly and against her will. These essential requisites, forcibly and against her will, are omitted in this indictment. But it is said that as the word "ravish" of itself implies that the act was done forcibly and against the will of the female, the words "feloniously ravished" supply this defect. This would be transferring from the court to the jury the right and power of drawing inferences of law; they and not the court would decide what acts did and what did not amount to rape. The law, therefore, in this and all other cases, requires the facts which constitute the offense to be stated, that the jury may affirm them or not, according to the evidence. Thus in murder, which ex vitermini means a homicide committed with malice aforethought, it is not sufficient to state in the indictment that the accused feloniously murdered the deceased. And so in other offenses the facts constituting the offense must be stated, for without such statement it cannot appear to the *Page 93 
court that the jury have not drawn a false and impossible conclusion. The indictment, therefore, is defective, and the judgment of the Superior Court must be affirmed.
There are other points arising in the cause upon which, as they have not been argued, I do not wish to express an opinion.