STATE *v.* ANDREW SCOTT.

In an indictment for an assault with intent to commit a rape, the omission of the word "feloniously," in the description of the offence is a fatal defect.

(*State* v. *Johnson,* 67 N. C. Rep. 55, cited and approved.)

INDICTMENT, for an assault with intent to commit a rape tried before *Henry, J.,* at Fall Term, 1874, HALIFAX Superior Court.

The defendant was tried and convicted on the following indictment, to wit:

"North Carolina, ⎱ Superior Court. Fall Term, 1874.
Halifax County. ⎰

The jurors for the State upon their oath present: That Andrew Scott, late of Halifax county, on the second day of November, 1874, with force and arms, at and in the county aforesaid, in and upon one Julia Pittman in the peace of God and the State then and there being, violently and feloniously, did make an assault, with intent, her the said Julia Pittman, against her will, then and there to ravish and carnally know, contrary to the form of the Statute, in such cases made and provided and against the peace and dignity of the State.

HARRIS, Sol."

The counsel for the defendant moved the Court to arrest judgment, on account of defects in the indictment. The motion was overruled, and the defendant appealed. The grounds of object to the bill are fully set forth in the opinion of the Court.

*Day* and *W. Clark,* for defendant.
*Attorney General Hargrove,* for the State, cited in support of the indictment, the following cases: *State* v. *Jim,* 1 Dev. 142; (2. Bat. Dig. 735;) *State* v. *Martin,* 3 Dev. 329; (2 Bat.

Dig. 737;) *State* v. *Farmer*, 4 Ired. 224; (2 Bat. Dig. 743;) *State* v. *Tom*, 2 Jones, 414; *State* v. *Dick*, 2 Murp. 388; *State* v. *Johnson*, 67 N. C. Rep. 55; Rev. Code, chap. 35, sec. 14.

SETTLE, J. The defendant having been convicted on an indictment, charging him with an assault upon one Julia Pittman with intent to commit rape, moved in arrest of judgment for alleged defects in the bill of indictment. It is only necessary to notice one of the alleged defects as that is fatal to the bill.

" That the indictment should have charged the assault, with *intent*, &c., *feloniously* to ravish and carnally know." Whereas the word *feloniously* is omitted where it is necessary to characterize the act of ravishing.

It is true the *assault* is charged to have been violently and feloniously made; but this essential word, *feloniously*, which cannot be supplied by any paraphrasis, is omitted in the important place where it is necessary to characterize the crime.

An assault may be made, not only with the intent to commit rape, but other felonies; murder for instance; hence we cannot refer the word *feloniously* to the crime, when it is only used to qualify the assault.

Mr. Archbold gives the following form of an indictment for assault with intent to commit a rape :

" That, &c , in and upon one A. N. in the peace of God and our lady the Queen then and there being, did make an assault and her the said A. N. did then and there beat, wound and ill treat, with intent her the said A. N. violently and against her will feloniously to ravish and carnally know," &c. And Bishop, in his work on Criminal Procedure, at sec. 560, in commenting on this form says, " There is no reason to suppose that in an indictment for this form of the attempt to commit a rape, it is necessary to specify the particulars of the assault. But the allegation of the intent should be such as to show that the offence intended to be committed would amount in law to rape. Therefore, where the indictment charged an assault ;

then added, " with intent to ravish and carnally know the said Margaret Bolen," setting out also a battery; it was held to be insufficient.   The Court observed : This is a good indictment for assault and battery but nothing more."

This is our case, with the exception that the indictment here does not set out a battery.

In *State* v. *Johnson*, 67 N. C. 55, where the words "forcibly," " violently " " and against her will," are commented upon and explained, the point was, that the indictment did not charge that the prisoner did *forcibly* and feloniously ravish, but that he did " feloniously ravish," omitting the word *forcibly*, but inserting the words " against her will."

There the indictment was held to be good because the word " feloniously," as well as the words " against her will " characterized the act.

The motion in arrest of judgment is allowed.   This will be certified, &c.

PER CURIAM.                                  Judgment arrested.