### THE STATE v. JOHN POWELL.

*Indictment—Rape, Assault With Intent to Commit—Evidence— Judge's Charge—Comments of Counsel.*

1. An indictment for an assault with intent to commit rape, which charged that the defendant "feloniously did make an assault, and her, the said S., did then and there beat, wound and ill-treat, with intent her, the said S., then and there feloniously and unlawfully carnally to know and abuse," is fatally defective, because it omits the essential allegation that the assault was made with intent to know carnally the prosecutrix *forcibly and against her will.*

2. Where testimony is introduced for the purpose of corroborating a witness, it is competent for that purpose only, and it is the duty of the Court to instruct the jury that they should not consider it in any other view; but where the case on appeal discloses no failure on the part of the Court to perform this duty, it will be presumed that the proper instructions were given.

3. Objectionable comments of counsel to the jury will not be considered on appeal, unless they were excepted to at the time, or the Court was requested to instruct the jury in respect to them.

This was an INDICTMENT for assault with intent to commit rape on one Jessie Shines, a colored girl of about fourteen years of age, tried before *MacRae, J.,* at Spring Term, 1889, of HALIFAX Superior Court.

The following is a copy of the indictment:

"The jurors for the State, upon their oaths present: That John Powell, late of the county of Halifax, on the 9th day of December, in the year of our Lord one thousand eight hundred and eighty-eight did, with force and arms, at and in the county aforesaid, in and upon one Jessie Shines, in the peace of God and the State, then and there being, feloniously did make an assault, and her, the said Jessie Shines, then and there did beat, wound and ill-treat, with intent her, the said Jessie Shines, feloniously and unlawfully car-

nally to know and abuse, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

Jessie Shines, the prosecutrix, testified as follows:

"Mother sent me down on the creek after tooth-brushes; defendant asked me what I came for; I said mother's tooth-brushes; he jumped up and threw me down; he told me if I hallooed he would choke me to death, and put his hand over my mouth so I could not halloo; I did all I could to get away, and I could not; my brother walked down; Powell jumped up and ran behind a pine, and told my brother not to tell; he pulled up my clothes and got on me, unbuttoned his pants and just tried to do all he could to me; it was in the woods, about one hundred yards from the house; Defendant had never treated me that way before; I had never had anything to do with him."

Arthur Shines testified: "When I went down there defendant was on top of my sister, and he jumped off and got behind a pine and told me not to tell, and I came along back to the house and told it, She was trying to get up. He had his hand on her neck and over her mouth, his gallowses off."

Laura Shines, who was next examined on behalf of the State, said: "I sent her (prosecutrix) down to the creek to get me tooth-brushes. I was thinking she might stay too long, and I said to Arthur to go down on the creek and tell his sister to hurry on with the tooth-brushes. He came back quickly and said: 'Mother, Mr. John Powell had my sister down and was on top of her, and she was trying to get up, with his hand over her mouth." [Defendant objected to the testimony of this witness as to what was said to her by the witness Arthur. Objection overruled, and defendant excepted.] "When she came back to the house and told me what he had done, I said: 'What makes you puff and blow so? She said: 'Mother, Mr. Johnny Powell has done me so bad.'" [Objected to by defendant, and

excepted.] " She was fourteen years old the 14th of September, 1888. She told me that he threw her down as she went to break the tooth-brushes; pulled her clothes up and got on top of her, and he done all he could to her." Defendant objected. Objection overruled. Defendant excepted.

John Powell, the defendant, being examined, said: " It ain't true. She was perfectly willing. She told me to come Saturday night before, and where to come. She had been there one half hour, or an hour, before her brother came. I had had to do with her a few times before. She was perfectly willing."

The Solicitor for the State, in his argument to the jury, said: "If the color of the parties were reversed, no doubt the jury would neither have the pleasure, nor displeasure, of trying the defendant. This thing of outraging innocent girls, white or black, must be stopped by the Courts, or Judge Lynch will stalk through the land unmolested."

To this remark there was no objection made on the part of the defendant's counsel, until after verdict, when, on motion for a new trial, it was set up as one of the grounds.

Verdict, guilty. Motion for a new trial. Motion refused.

Judgment, that the defendant be confined in the State prison for five years.

Appeal by defendant.

*The Attorney General* for the State.

*Messrs. J. M. Mullen, W. H. Day* and *R. O. Burton,* for defendant.

SHEPHERD, J.:

1. The testimony of Laura Shines was admissible for the purpose of corroborating the prosecutrix and her brother, both of whom had been previously examined. It was, however, competent only for that purpose, and it was the duty of the Court to instruct the jury that it was in this view

only that they could consider it. *Burton* v. *Railroad*, 84 N. C., 192; *State* v. *Ballard*, 79 N. C., 627.

There is nothing in the record to show that his Honor failed to perform this duty, and we cannot assume that he did not give the proper instructions. It is well settled that when a party complains of error, it is his duty to make it appear to the Court. Every presumption is in favor of the correctness and regularity of judicial proceedings. The charge was not excepted to, and is therefore not set out in the record. There is absolutely nothing to show what his Honor did or did not charge

The exceptions as to the admission of testimony are overruled.

2. The exception to the remarks of the Solicitor, in his address to the jury, is also untenable. The remarks were not objected to, nor was the Court requested to give any instruction in regard to them. *State* v. *Suggs*, 89 N. C., 527.

3. The defendant moves in arrest of judgment, because the indictment does not sufficiently charge an assault with intent to commit rape. The indictment charges the intent as follows: " With intent her, the said Jessie Shines, then and there feloniously and unlawfully carnally to know and abuse."

We think it clear, in view of our authorities, that the indictment is defective and cannot be sustained, even under the liberal rules of construction contained in *The Code*, § 1183.

In *State* v. *Jim*, 1 Dev., 142, the bill charged that the assault was with intent to " ravish and carnally know," yet the Court held that the omission of the words " forcibly and against the will" was fatal, and that the words " feloniously ravished" would not supply the defect. This ruling is upheld in *State* v. *Johnson*, 67 N. C., 55, where it is said by READE, J., "that there is no doubt that the indictment must charge the act to be done forcibly,  *  *  * and although

'ravished' would seem to imply force, yet it is necessary to charge force expressly in some appropriate language." In *State* v. *Smith*, 12 Ohio, 466, the indictment was very similar to the one before us. It charged " that the defendant with force and arms, and upon one Desire Franks, did unlawfully and feloniously make an assault with intent unlawfully and feloniously to carnally know and abuse the said Desire Franks," &c. The Court said that "it is not averred in either Court that the assault was made with the intent to have carnal knowledge of said Desire Franks, forcibly and against her will, nor are there any other words of equivalent import employed. For aught that is alleged, she may have consented to all that was done or attempted by the accused, and such must be the construction of the indictment in the absence of such averment." In our case there is a total absence of any words indicating that the intent was to be executed violently or against the will of the prosecutrix.

Considering the authorities, we are constrained to hold that the assault, with intent to commit rape, is not properly charged, and that the judgment should be arrested.

Judgment arrested.