STATE *v.* PEAK.

### STATE v: PEAK.

(Filed June 10, 1902.)

RAPE—*Indictment—The Code, Secs. 1101, 1102.*

> An indictment for an assault with intent to commit rape need not contain the word "forcibly."

DOUGLAS and COOK, J.J., dissenting.

INDICTMENT against Henry Peak, heard by Judge *W. B. Council* and a jury, at Spring Term, 1902, of the Superior Court of POLK County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer,* Attorney-General, for the State.
*Solomon Gallert,* for the defendant.

CLARK, J. The indictment charges that the defendant, "with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously, did commit an assault upon the body of Mary Mooney, with intent her, the said Mary Mooney, unlawfully and wilfully and feloniously to rape, against the will of said Mary Mooney," etc. There was no motion to quash, nor exception to evidence or charge, but,

after a verdict of guilty, the judgment was arrested on motion of defendant because of the omission of the word "forcibly."

In any possible aspect, this is error, and the case must go back for judgment. This is unquestionably a good bill for assault, and the verdict is always imputed to the matter correctly charged. *State v. Toole,* 106 N. C., 736, and authorities there cited.

If, when the case goes back for judgment, the Court shall impose sentence for the aggravated assault, "with intent to rape," then an appeal by defendant would present the question whether the bill authorizes such punishment, and any discussion of that question now is, to some extent, hypothetical and *obiter dictum.*

But, as the matter has been discussed, it is perhaps proper to say that the omission of the word "forcibly," in view of the context, is not fatal," certainly not after verdict; and this is a good bill for assault with intent to commit rape, both at common law and by statute.

"On an indictment for an assault with intent to commit an offense, the same particularity is not necessary as is required in an indictment for the commission of the offense itself," says Dr. Wharton. 1 Wharton Cr. Law (9th Ed.), Sec. 644; *Lacafield v. State,* 34 Ark., 275. An indictment for an assault with intent need not specify the facts necessary to constitute that offense which was intended to be, but was not, in fact, perpetrated. * * * So, in an indictment for breaking into a dwelling-house with intent to commit rape, the crime of rape need not be fully and technically charged.

Wharton Cr. Pl. and Pr. (9th Ed.), Sec. 159, and cases cited in notes to above paragraphs; *Commissioners v. Doherty,* 10 Cush., 52; *Singer v. People,* 13 Hun., 418; *Ibid.,* 75 N. Y., 608. These cases are from courts of the highest character, are explicit and clear in their reasoning, and cite other authorities.

At common law, as the above citations establish, the bill was good. Our own statutes and decisions are to the same purport. The Code, Sec. 1101, defines rape as the "ravishing and carnally knowing any female of the age of ten years or more by force and against her will." In indictments for that offense, under our decisions, while the word "forcibly" need not be used, its equivalent and that the act was against the will of the female must be charged. *State v. Johnson,* 67 N. C., 55. Section 1102 prescribes the punishment for "assault with intent to commit rape." A pleader who uses the words of the statute is safe. Here, the charge, following the statute, is a sufficient one for assault "with intent to commit rape." We have had an analagous case at this term. Code, Sec. 995, makes the breaking into a dwelling-house of another, "with intent to commit a felony," burglary; and Section 996 makes the breaking into a dwelling-house not burglariously, or the breaking into a house not a dwelling, or dwelling if uninhabited, "with intent to commit a felony," a crime. Under both these sections, it has been held sufficient to allege the breaking properly, and add merely "with intent to commit larceny," without alleging anything more, such as to feloniously take and carry away certain goods, to-wit * * * the property of A—in short, following the common law rule, as above, that an indictment for assault to commit an offense need not technically charge the offense intended to be committed. This is clearly and distinctly held in *State v. Tytus,* 98 N. C., 705; *State v. Christmas,* 101 N. C., 749, and was reaffirmed in *State v. Ellsworth,* at this term. If, therefore, this had been an indictment for breaking into a house (whether dwelling or not) and the breaking were sufficiently charged, it would be sufficient to add merely "with intent to commit rape" or "to commit larceny;" and it follows that if an assault is sufficiently charged, it is sufficient to add merely "with intent to commit murder" (see many precedents cited

by Wharton, *supra*), or simply "with intent to commit rape," as the others cited by him from New York and Massachusetts, *supra,* hold.   They are Courts of high repute.

Besides, an objection that the offense *intended* to be committed is not sufficiently charged "comes too late after verdict." *State v. Christmas,* 101 N. C., 749, and cases there cited.   As the constituent elements of the offense intended to be committed were not perpetrated and can no be proved, why, as the decisions says, charge more than an intent to murder, to steal, or to rape.

Then, there is The Code, Sec. 1183, enacted to meet just such cases as this, which is an expression of the sovereign power, speaking through the law-making body, that there is an evil and it must be remedied, and that is the quashing bills or arresting judgments "by reason of any informality or refinement," which, it is declared, shall not be done "if sufficient matter appears to enable the Court to proceed to judgment."   Here the defendant is charged with assaulting the girl, with force and arms, with intent feloniously, unlawfully and wilfully to rape her against her will, and the jury have said he did it.   The statute says (Code, Sec. 1102) if anyone commits "an assault with intent to commit rape" upon a female, he is punishable.   "Sufficient matter appears to enable the Court to proceed to judgment," for the charge and conviction are in the very words of the statute.   The defendant knew the charge against him; he made no objection by motion to quash or for bill of particulars; he heard the evidence, and only after verdict makes the objection that the charge of "intent to rape" did not set out the constituents of the offense of rape, which offense he is not charged to have committed.   If this is not a "refinement," which the statute was passed to prevent, it is hard to conceive to what it would apply.   This Section 1183 was originally passed in 1811, and has been observed by the Court in a long line of cases;

commending its wisdom, many of which are collected in *State v. Barnes,* 122 N. C., 1031, in which case it was held that the omission of the words "with intent" in an indictment "for assault with intent to commit rape," was not ground to arrest the judgment, because, in the language of the act, "sufficient matter appears to enable the Court to proceed to judgment."

Besides, even if contrary to the precedents above cited, and contrary to the reason of the thing, it were necessary in an indictment for an assault with intent to commit an offense, to charge the constituent elements of that offense which was not committed, and which, therefore, can not be proved. This has been done in this case.

In *State v. Powell,* 106 N. C., 635, which seems to have been inadvertent to the above authorities, there was an omission of the words "against her will," but those words are here used. In *State v. Johnson,* 67 N. C., 55, which was an indictment for rape (and not as here, merely for assault with intent), Reade, J., says the word "forcibly" is not indispensable, and "any equivalent word will answer, especially since our statute, which forbids the staying of judgment in criminal cases for informality or refinement." Here, the bill charges the defendant *"with force* and arms, unlawfully, wilfully and feloniously did commit an assault, etc., with intent, unlawfully, wilfully and feloniously to rape against the will of her, the said Mary Mooney," etc. While "with force and arms" are held unnecessary and surplusage in indictments for offenses not committed with force, or when the force is otherwise alleged (*State v. Harris,* 106 N. C., 682), yet if force is not otherwise sufficiently charged, they certainly aver it. Upon the face of the bill, it would surely seem that the constituent elements of rape are sufficiently charged; but we need not pass upon that, for this is not a charge for rape, and its constituent elements could not be proved in this action. It is an indictment for assault, suf-

ficiently averred, with the aggravation that there was an intent to commit rape. The defendant and the jury understood the charge fully, and the latter has said it was proved beyond a reasonable doubt.

In arresting the judgment there was error, and the case must be remanded for proper judgment.

Reversed.

Cook, J., dissenting. The bill of indictment, upon which defendant was tried and convicted, is as follows: "The jurors for the State upon their oath present that Henry Peak, late of the county of Polk, on the first day of June, in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms, at and in the county aforesaid, unlawfully and wilfully and feloniously did commit an assault upon the body of Mary Mooney with intent her, the said Mary Mooney, unlawfully and wilfully and feloniously to rape, against the will of the said Mary Mooney, against the form of the statute in such case, made and provided and against the peace and dignity of the State."

Defendant moved in arrest of judgment, "because the bill was defective, in that it did not charge the defendant with assaulting the prosecutrix forcibly and against her will." The Court allowed the motion and arrested the judgment, from which the State appealed.

An indictment *must* allege the *essential* facts constituting the crime. Rape is the carnal knowledge of a woman by force and against her will. Code, Sec. 1101, 1 Bl., 210. Therefore, the three essential elements are (1) the carnal knowledge, (2) forcibly done, and (3) against her will; and, being a felony, they must be charged with having been done "feloniously." This is not an indictment for rape accomplished, but rape attempted. To sustain a bill for the attempt, the crime itself, which is alleged to have been at-

tempted, must be technically set out. As the act was not accomplished, the attempt to accomplish it must, therefore, have been with the intent by *force* and *against her will*. To allege that she was assaulted with intent to ravish against her will is insufficient; it must be alleged that the assault was with intent to ravish by force and against her will. To rape or ravish implies force; but force charged by implication in the bill of indictment is insufficient, because force is of the essence of the offense, and, therefore, must be *expressly* charged.

In *State v. Powell,* 106 N. C., 635, the indictment is very similar to the one under consideration; it was there held to be fatally defective for that it failed to charge, "Any words indicating that the intent was to be executed violently or against the will of the prosecutrix." In the case at bar it alleges it to have been attempted "against her will," but fails to allege that it was done *forcibly* or violently.

In *State v. Jim,* 12 N. C., 142, the indictment charged the assault to have been made with intent to "feloniously ravish and carnally know," failing to charge that it was done "violently, forcibly and against the will of," etc., and was for that reason held to be fatally defective.

It is not sufficient that the act should be committed against her will; it must also be done by *force*—not merely force necessary to accomplish the act of connection, but force overcoming resistance upon the part of the female. McCain Criminal Law, Sec. 439. In charging force, no stereotyped word or phrase is essential, but, as is said by Reade, J., in *State v. Johnson,* 67 N. C., 55, "there is no doubt that the indictment must charge the act to be done forcibly, * * * and although 'ravished' would seem to imply force, yet it is necessary to charge force expressly in some appropriate language."

As much as I regret to see a miscarriage of justice, which is caused by the failure to draw a proper bill of indictment, yet

it is incumbent upon the Courts to follow the well-settled and sound principles of law, from which I can not deviate to give relief to inadvertence or carelessness. The law upon this subject has been well settled and needs no further discussion. This Court, in *State v. Scott,* 72 N. C., on page 462, cites with approval the form of Mr. Archbold and quotes the same, in charging the crime of assault with intent to commit rape, which could easily have been followed, and prevented this failure of justice. To fail now to charge this offense accurately is inexcusable.

DOUGLAS, J., concurs in dissenting opinion.