DOUGLAS and COOK, JJ., dissenting.
The indictment charges that the defendant, "with force and arms, at and in the county aforesaid, unlawfully, willfully and feloniously did commit an assault upon the body of Mary Mooney, with intent her, the said Mary Mooney, unlawfully and willfully and feloniously to rape, against will of said Mary Mooney," etc. There was no motion to quash, nor exception to evidence or charge, but, after a verdict of guilty, the judgment was arrested on motion of (712) defendant because of the omission of the word "forcibly."
In any possible aspect, this is error, and the case must go back for judgment. This is unquestionably a good bill for assault, and the verdict is always imputed to the matter correctly charged. S. v. Toole,106 N.C. 736, and authorities there cited.
If, when the case goes back for judgment, the court shall impose sentence for the aggravated assault, "with intent to rape," then an appeal by defendant would present the question whether the bill authorizes such punishment, and any discussion of that question now is, to some extent, hypothetical and obiter dictum.
But, as the matter has been discussed, it is perhaps proper to say that the omission of the word "forcibly," in view of the context, is not fatal, certainly not after verdict; and this is a good bill for assault with intent to commit rape, both at common law and by statute.
"On an indictment for an assault with intent to commit an offense, the same particularly is not necessary as is required in an indictment for the commission of the offense itself," says Dr. Wharton. 1 Wharton Cr. Law (9 Ed.), sec. 644; Lacafield v. State, 34 Ark. 275. An indictment for an assault with intent need not specify the facts necessary to constitute that offense which was intended to be, but was not, in fact, *Page 488 
perpetrated. . . . So, in an indictment for breaking into a dwelling-house with intent to commit rape, the crime of rape need not be fully and technically charged.
Wharton Cr. Pl. and Pr. (9 Ed.), sec. 159, and cases cited in notes to above paragraphs: Commissioners v. Doherty, 10 Cush., 52; Singer v.People, 13 Hun, 418; ibid., 75 N.Y. 608. These cases are from courts of the highest character, are explicit and clear in their reasoning, and cite other authorities.
(713) At common law, as the above citations establish, the bill was good. Our own statutes and decisions are to the same purport. The Code, sec. 1101, defines rape as the "ravishing and carnally knowing any female of the age of 10 years or more by force and against her will." In indictments for that offense, under our decisions, while the word "forcibly" need not be used, its equivalent and that the act was against the will of the female must be charged. S. v. Johnson, 67 N.C. 55. Section 1102 prescribes the punishment for "assault with intent to commit rape." A pleader who uses the words of the statute is safe. Here, the charge, following the statute, is a sufficient one for assault "with intent to commit rape." We have had an analogous case at this term. Code, sec. 995, makes the breaking into a dwelling-house of another, "with intent to commit a felony," burglary; and section 996 makes the breaking into a dwelling-house not burglariously, or the breaking into a house not a dwelling, or dwelling if uninhabited, "with intent to commit felony," a crime. Under both these sections it has been held sufficient to allege the breaking properly, and add merely "with intent to commit larceny," without alleging anything more, such as to feloniously take and carry away certain goods, to wit, . . . the property of A — in short, following the common-law rule, as above, that an indictment for assault to commit an offense need not technically charge the offense intended to be committed. This is clearly and distinctly held in S. v. Tytus,98 N.C. 705; S. v. Christmas, 101 N.C. 749, and was reaffirmed inS. v. Ellsworth, ante, 690. If, therefore, this had been an indictment for breaking into a house (whether dwelling or not) and the breaking were sufficiently charged, it would be sufficient to add merely "with intent to commit rape" or "to commit larceny"; and it follows that if an assault is sufficiently charged, it is sufficient to add merely "with intent to commit murder" (see many precedents cited by Wharton,supra), or (714) simply "with intent to commit rape," as the others cited by him from New York and Massachusetts, supra, hold. They are courts of high repute.
Besides, an objection that the offense intended to be committed is not sufficiently charged "comes too late after verdict." S. v. Christmas,101 N.C. 749, and cases there cited. As the constituent elements of the *Page 489 
offense intended to be committed were not perpetrated and can not be proved, why, as the decisions say, charge more than an intent to murder, to steal, or to rape?
Then, there is The Code, sec. 1183, enacted to meet just such cases as this, which is an expression of the sovereign power, speaking through the lawmaking body, that there is an evil and it must be remedied, and that is the quashing bills or arresting judgments "by reason of any informality or refinement," which, it is declared, shall not be done "if sufficient matter appears to enable the court to proceed to judgment." Here the defendant is charged with assaulting the girl, with force and arms, with intent feloniously, unlawfully and willfully to rape her against her will, and the jury have said he did it. The statute says (Code, sec. 1102) if any one commits "an assault with intent to commit rape" upon a female, he is punishable. "Sufficient matter appears to enable the court to proceed to judgment," for the charge and conviction are in the very words of the statute. The defendant knew the charge against him; he made no objection by motion to quash or for bill of particulars; he heard the evidence, and only after verdict makes the objection that the charge of "intent to rape" did not set out the constituents of the offense of rape, which offense he is not charged to have committed. If this is not a "refinement," which the statute was passed to prevent, it is hard to conceive to what it would apply. This section 1183 was originally passed in 1811, and has been observed by the Court in a long line of cases, commending its wisdom, many of which are collected in S. v. (715)Barnes, 122 N.C. 1031, in which case it was held that the omission of the words "with intent" in an indictment "for assault with intent to commit rape," was not ground to arrest the judgment, because, in the language of the act, "sufficient matter appears to enable the court to proceed to judgment."
Besides, even if, contrary to the precedents above cited, and contrary to the reason of the thing, it were necessary in an indictment for an assault with intent to commit an offense, to charge the constituent elements of that offense which was not committed, and which, therefore, can not be proved, this has been done in this case.
In S. v. Powell, 106 N.C. 635, which seems to have been inadvertent to the above authorities, there was an omission of the words "against her will," but those words are here used. In S. v. Johnson, 67 N.C. 55, which was an indictment for rape (and not, as here, merely for assault with intent), Reade, J., says the word "forcibly" is not indispensable, and "any equivalent word will answer, especially since our statute which forbids the staying of judgment in criminal cases for informality or refinement." Here, the bill charges the defendant "with force and arms, unlawfully, willfully and feloniously did commit an assault, etc., with *Page 490 
intent, unlawfully, willfully and feloniously to rape, against the will of her, the said Mary Mooney," etc. While "with force and arms" are held unnecessary and surplusage in indictments for offenses not committed with force, or when the force is otherwise alleged (S. v. Harris,106 N.C. 682), yet if force is not otherwise sufficiently charged, they certainly aver it. Upon the face of the bill it would surely seem that the constituent elements of rape are sufficiently charged; but we need not pass upon that, for this is not a charge for rape, and its constituent elements could not be proved in this action. It is an indictment for assault, sufficiently averred, with the aggravation that there was (716) an intent to commit rape. The defendant and the jury understood the charge fully, and the latter has said it was proved beyond a reasonable doubt.
In arresting the judgment there was error, and the case must be remanded for proper judgment.
Reversed.