STATE v. MARSH.

(Filed March 31, 1903.)

1. ARREST OF JUDGMENT—*Indictment—Appeal.*

   A motion in arrest of judgment for defects in the indictment may be made in the supreme court though no objection was made thereto in the trial court.

2. INDICTMENT—*Rape—The Code, Secs. 1101, 1183.*

   An indictment for rape must allege that the act was done forcibly and against the will of the prosecutrix, or words equivalent thereto.

INDICTMENT against John Marsh, heard by Judge E. W. Timberlake and a jury, at November Term, 1902, of the Superior Court of UNION County, upon the following bill:

"The jurors for the State upon their oaths present that

John Marsh, late of the County of Union, on the 27th day of October in the year of our Lord one thousand nine hundred and two, with force and arms at and in the county aforesaid, in and upon one Alice Carelock in the peace of God and the State then and there being, unlawfully, wilfully, violently and feloniously did make and assault, and her, the said Alice Carelock, then and there unlawfully, wilfully and feloniously did ravish and carnally know against the form of the statute in such case made and provided and against the peace and dignity of the State."

From a verdict of guilty and judgment thereon, the prisoner appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Redwine & Stack* and *Armfield & Williams,* for the prisoner.

CLARK, C. J.   The prisoner's counsel moves in this court in arrest of judgment for defect in the indictment, which is set out above in the statement of the case.   This he had a right to do, though no objection on that ground was taken in the court below.   *State v. Watkins,* 101 N. C., 702; *State v. Caldwell,* 112 N. C., 854; Rule 27 of this court.

The Code, Section 1101, defines rape as the "ravishing and carnally knowing any female of the age of ten years or more, forcibly and against her will," with the further statement as to what constitutes rape when the female is under that age. All the authorities concur that the word "ravish" is indispensable.   Hale P. C., 628; 2 Rawle's Bouvier Law Dict., 825; Coke Litt., 184 note p.; *Gougleman v. People,* 3 Parker, 15. It takes its place with "feloniously," "burglariously," and "malice aforethought," which have been held indispensable (*State v. Arnold,* 107 N. C., 861; *State v. Barnes,* 122 N. C., at p. 1036) wherever appropriate, because they have no

synonyms.    2 Hawkins P. C., Ch. 23, Sec. 77.    As to the
words "carnally know" there are authorities which hold that
they are not indispensable, being implied in the word "ravish"
(Wharton Cr. Pl. & Prac.. 9 Ed., Sec. 263), but there are
others that rather intimate that these words should be also
used.    The word "feloniously" is, of course, indispensable,
*State v. Scott,* 72 N. C., 461, as indeed it is in all indictments
for felonies.    *State v. Bunting,* 118 N. C., 1200.

But all three of the above terms are used in the indictment
in this case.    The defect alleged is the absence of the words
"forcibly" and "against her will."    As to the word "forci-
bly" in *State v. Jim,* 12 N. C., 142, it was held that an indict-
ment omitting both terms "forcibly" and "against her will"
was defective.    In *State v. Johnson,* 67 N. C., 55, it was held
that the omission of the word "forcibly" was not fatal when
the charge was "against her will, did feloniously ravish," the
court saying through Reade, J., that any equivalent word
would answer in lieu of "forcibly," that though the word
"ravish" would seem to imply force, yet that word is not an
express charge of force, standing alone, but that the addition
thereto of the words "feloniously" and *"against her will"* was
sufficient under our statute as an express charge of force.    In
*State v. Powell,* 106 N. C., 635, where both the words "forci-
bly" and "against her will" were omitted, it was held, follow-
ing *State v. Jim, supra,* that the bill was defective.    This last
case was for an assault with intent to commit rape and was
overruled in *State v. Peake,* 130 N. C., 711, but only on the
ground that, in an indictment for assault to commit rape, it
was not necessary to describe rape in the words which must
be used to charge the offense of rape itself.

Thus, on a review of our authorities, it will be seen that it
has been held that the absence of both "forcibly and against
her will" are fatal, but that forcibly can be supplied by any
equivalent word, that it is not supplied by the use of the word

"ravish," but it is sufficiently charged by the words "feloniously and against her will." In all the cases above reviewed, where the words, "against her will" are omitted, the bill was held defective. No doubt the words "against her will" can be supplied by an equivalent as well as the word "forcibly," but we do not find such equivalent in this bill. The words "unlawfully, wilfully and feloniously" did "ravish and carnally know," do not charge it was "against her will" except by implication, and it is held in *State v. Johnson, supra*, that they do not even sufficiently charge that the act was "forcibly" perpetrated in the absence of the words "against her will."

It is a subject of regret that a trial of so serious a nature, occupying so much of the public time, should thus go for naught, but we do not feel at liberty to overrule the above repeated decisions of this court. Those decisions were so easily accessible and indeed were so well known to the draftsman of this bill that the omission of the words "against her will" must have been accidental. But we will repeat here what was said in *State v. Barnes*, 122 N. C., at p. 1038: "The accustomed and approved forms are accessible, and should be followed by Solicitors until (as with murder, perjury and in some other instances) they are modified and simplified by statute"—further adding that Solicitors would best serve the object of the statute (The Code, Sec. 1183) passed to disregard refinements and informalities and to secure trials upon the merits "by observing approved forms so as not to raise unnecessary questions as to what are refinements and informalities and what are indispensable allegations."

The form set out in 1 Archbold Cr. Pl. & Pr., 999, is (after charging the assault) "and her the said C. D. then violently and *against her will* feloniously did ravish and carnally know." This form, while omitting "forcibly," retains, it will be noted, the words "against her will" and is substan-

STATE *v.* MARSH.

tially the bill that was sustained in *State v. Johnson,* 67 N. C., 55.

The Attorney-General cites us to the following foreign authorities which sustained indictments omitting the words "against her will." In *Harman v. Com.,* 27 Pa., (12 S. & R.), 69, it was held "not necessary to charge that the offense was committed *forcibly and against the will* of the woman," that matter being embraced "in the charge *feloniously did ravish and carnally know,*" Tilgman, C. J., citing English authorities freely to sustain his ruling. The same ruling exactly is made in *Gibson v. State,* 17 Tex. App., 574. In *Leoni v. State,* 44 Ala., 110, the court sustained an indictment charging simply "before the finding of this indictment G. L. forcibly ravished E. L.," and in *O'Connell v. State,* 6 Minn., 190, the court sustained an indictment "did feloniously ravish C. D." In these last two cases no assault is charged and the indictments are drawn under statutes simplifying the form, and which our Legislature, it may be, might also adopt to prevent such instances as this, for it gives full information to the prisoner, but we can not do this. The adoption of simpler forms of indictment for murder, perjury, etc., was by action of the Legislature, not of the courts. As the prisoner has not been in jeopardy he may still be put to trial upon a proper bill. *State v. Lee,* 114 N. C., 844; *State v. England,* 78 N. C., 552, and other cases collected in Wharton Cr. Pl. & Pr. (9 Ed.), Secs. 507, 457.

Judgment Arrested.