STATE v. WILBERT JOHNSON AND CHARLES PRIMUS, JR.

(Filed 17 April, 1946.)

1. Rape § 2—

   An indictment for rape of a female twelve years of age or more under G. S., 14-21, which fails to charge that the offense was committed forcibly and against her will is fatally defective, it being necessary in order to support the death penalty that both these elements be alleged and proven.

2. Rape § 8—

   In a prosecution for ravishing and carnally knowing or abusing a female person under the age of twelve years, neither force nor lack of consent need be alleged or proven, since by virtue of the statute such child is presumed incapable of consenting. G. S., 14-21.

3. Criminal Law § 56—

   Where an indictment is fatally defective, defendants' motion in arrest of judgment, even when filed originally in the Supreme Court, must be allowed.

4. Criminal Law § 24—

   Proceedings had upon an indictment which is fatally defective do not constitute jeopardy and do not preclude subsequent trial of defendants upon proper bills.

APPEAL by defendants from *Parker, J.,* at September Term, 1945, of WAKE, heard in Supreme Court upon motion in arrest of judgment.

Criminal prosecution upon the following bill of indictment:

"The jurors for the State upon their oath present, that Charles Primus, Jr., and Wilbert Johnson, male persons over 18 years of age, late of the County of Wake, on the 19th day of July in the year of our Lord one thousand nine hundred and forty five, with force and arms, at and in the county aforesaid, not having the fear of God before their eyes, but being moved and seduced by the instigation of the devil, in and upon one Virginia Lipscomb, a female, in the peace of God and the State then and there being, unlawfully, wilfully, violently and feloniously did make an assault and her the said Virginia Lipscomb then and there violently did ravish and carnally know against the form of the statute in such case made and provided and against the peace and dignity of the State."

Verdict, as to each defendant: "Guilty of rape as in the bill of indictment charged."

Judgment, as to each defendant: Death by inhalation of lethal gas administered in the manner provided by law.

Defendants appeal therefrom to Supreme Court and assign error.

STATE *v.* JOHNSON.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*A. B. Breece for defendants, appellants.*

WINBORNE, J. Pending hearing on appeal taken, as above stated, defendants filed originally in this Court motion in arrest of judgment upon the ground that the bill of indictment is insufficient to support a judgment of death in that it fails to charge that the offense, alleged to have been committed on the female person named, was done "forcibly" and "against her will."

In the light of the language of the statute, G. S., 14-21, pertaining to punishment for rape, as construed in several decisions of this Court, particularly *S. v. Marsh,* 132 N. C., 1000, 43 S. E., 828, where the authorities are assembled, the bill of indictment here is insufficient and fatally defective. Hence, the motion in arrest of judgment is well taken.

The statute, G. S., 14-21, provides that: "Every person who is convicted of ravishing and carnally knowing any female of the age of twelve years or more by force and against her will, or who is convicted of unlawfully and carnally knowing and abusing any female child under the age of twelve years, shall suffer death."

Under the first clause of this statute, relating to the ravishing and carnally knowing of a female person who is of the age of twelve years or more, the elements of force and lack of consent must be alleged and proven before a conviction may be had on which death sentence may be imposed. Allegation is as necessary as proof. In the absence of either, death sentence may not be imposed.

On the other hand, under the second clause of the statute relating to unlawfully and carnally knowing and abusing any female child under the age of twelve years, neither force nor lack of consent need be alleged or proven, and such child is by virtue of the statute presumed incapable of consenting.

Moreover, in *S. v. Marsh, supra,* a bill of indictment, in material aspects the same as that now under consideration for insufficiency, was the subject of attack for the absence of the words "by force" and "against her will." In that connection, *Clark, C. J.,* reviewing and considering the holdings of former decisions, wrote for the Court as follows:

"The defect alleged is the absence of the words 'forcibly' and 'against her will.' As to the word 'forcibly' in *S. v. Jim,* 12 N. C., 142, it was held that an indictment omitting both terms 'forcibly' and 'against her will' was defective. In *S. v. Johnson,* 67 N. C., 55, it was held that the omission of the word 'forcibly' was not fatal when the charge was 'against her will did feloniously ravish,' the Court saying through

*Reade, J.,* that any equivalent word would answer in lieu of 'forcibly'; that though the word 'ravish' would seem to imply force, yet that word is not an express charge of force, standing alone, but that the addition thereto of the words 'feloniously' and 'against her will' was sufficient under our statute as an express charge of force. In *S. v. Powell,* 106 N. C., 635, where both the words 'forcibly' and 'against her will' were omitted, it was held, following *S. v. Jim, supra,* that the bill was defective. . . . Thus, on a review of our authorities, it will be seen that it has been held that the absence of both 'forcibly' and 'against her will' is fatal, but that forcibly can be supplied by any equivalent word; that it is not supplied by the use of the word 'ravish,' but it is sufficiently charged by the words 'feloniously and against her will.' In all the cases above reviewed where the words 'against her will' are omitted, the bill was held defective. No doubt, the words 'against her will' can be supplied by an equivalent as well as the word 'forcibly,' but we do not find such equivalent in this bill. The words 'unlawfully, wilfully, and feloniously' did 'ravish and carnally know,' do not charge it was 'against her will,' except by implication, and it is held in *S. v. Johnson, supra,* that they do not even sufficiently charge that the act was 'forcibly' perpetrated in the absence of the words 'against her will.'"

Then, continuing, the then *Chief Justice* said: "It is a subject of regret that a trial of so serious a nature, occupying so much of the public time, should go for naught, but we do not feel at liberty to overrule the above repeated decisions of this Court," and motion in arrest of judgment was allowed.

What was said in the *Marsh case, supra,* is appropriate here. We may add that we are not at liberty to disregard the express provisions of the statute. Hence, the motion in arrest of judgment is allowed. But in keeping with the decision in *S. v. Marsh, supra,* we say here that as the prisoners have not been in jeopardy, they may still be put on trial upon proper bills.

Judgment arrested.