### STATE OF NORTH CAROLINA v. BILLY LLOYD SHIPMAN

#### No. 7214SC325

#### (Filed 24 May 1972)

**Rape § 18—assault with intent to rape — sufficiency of indictment**

> Bill of indictment alleging that defendant assaulted a named female with intent her to ravish and carnally know forcibly and against her will *held* sufficient to charge the crime of assault on a female with intent to commit rape, although the form of such indictment is disapproved.

APPEAL by defendant from *Ervin, Judge,* 15 November 1971 Session of Superior Court held in DURHAM County.

Defendant was brought to trial upon charges of assault with intent to commit rape and resisting arrest. The State elected not to prosecute the charge of resisting arrest.

Defendant entered a plea of nolo contendere to the charge of assault with intent to commit rape and answered under oath various questions asked by the court with respect to the voluntariness of his plea. Defendant's answers tend to show, among other things, that he understood that he was charged with the felony of assault on a female with intent to commit rape; the charge and the effect of a plea of nolo contendere had been explained to him by his counsel; he understood that his plea of nolo contendere had the same effect as a plea of guilty; he knew he could be imprisoned upon his plea for as much as 15 years; he had sufficient time to confer with counsel and to subpoena witnesses, and no promises or threats had been made to influence his plea.

Defendant's counsel was asked by the court: "Have you examined the Bill of Indictment in this case?" Counsel answered that he had examined the bill of indictment and had found it to be proper.

The State presented evidence tending to show that on 9 July 1971, at 9:30 or 10:00 p.m., several police officers went to Duke Gardens where some assaults and robberies had previously occurred. The officers were disguised in wigs and dressed like "hippies." A 22-year-old nurse also went to the Gardens at the request of the officers. Defendant approached the young lady twice and asked for a light. He approached her a third time. This time his pants and underclothes were down around his knees and his private parts exposed. Defendant grabbed the young lady and pulled her toward him. She tried to pull away. As defendant was bending over her the officers approached, identified themselves as police officers, and ordered defendant not to move. At this point defendant ran toward the officers with a shiny object in his hand. He was apprehended, disarmed and placed under arrest.

Defendant offered three witnesses, all of whom testified as to his good character.

Judgment was entered imposing an active prison sentence of not less than seven nor more than twelve years, and the court recommended that defendant be given a complete psychiatric evaluation after his admission to the Department of Corrections.

*Attorney General Morgan by Assistant Attorney General Banks for the State.*

*Kenneth B. Spaulding for defendant appellant.*

GRAHAM, Judge.

All of defendant's assignments of error are based upon his contention that the bill of indictment is insufficient to charge the offense of assault on a female with intent to commit rape.

The indictment charges:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Billy Lloyd Shipman late of the County of Durham on the 9th day of July 1971 with force and arms,

at and in the County aforesaid, 1st Count: did unlawfully, wilfully, and feloniously commit an assault on one Sandra Garrison, a female, with intent her, the Sandra Garrison, feloniously, forcibly, and against her will to ravish and carnally know the same Sandra Garrison, the same offense being against the peace and dignity of the State and in violation of law, to wit G.S. 14-22."

The bill of indictment reflects an archaic style, probably as a result of being fashioned from an old form. Cf. *State v. Taylor*, 280 N.C. 273, 185 S.E. 2d 677. The language used is substantially the same as that contained in a bill of indictment considered by the Supreme Court in 1902 in the case of *State v. Peak*, 130 N.C. 711, 41 S.E. 887. The bill of indictment in that case was held sufficient and we follow that case in overruling defendant's assignments of error here.

The effect of the indictment here is to charge that defendant assaulted Sandra Garrison, a female, with intent her to ravish and carnally know forcibly and against her will. The form is disapproved; however, in substance the indictment is sufficient to withstand defendant's attack. G.S. 15-153.

It is noted that the indictment was not attacked at the trial and defendant's counsel expressly stated that he had examined it and found it to be proper. Answers given by defendant and his counsel show that they were in no way confused by the bill's lack of refinement.

No error.

Judges MORRIS and VAUGHN concur.