### THE STATE v. CALDWELL HARGRAVE.

Under the act of February 22nd, 1861, acts of 1860–'61, chap. ——, the least penetration of the person of a female against her will, constitutes the crime of rape.

This was an indictment for rape, tried before *Logan, J.*, at Spring Term, 1871, of GASTON Superior Court.

The prosecutrix testified that she had been thrown down by the prisoner, and that he then had his will with her and effected a penetration of her person, and in consequence thereof she was rendered very sore in her body, that she was aged sixteen years, and that no blood was found upon her person or clothing.

The defendant's counsel intimated that the evidence was not sufficient to constitute the crime of rape, that there was no such penetration as required by law, since the *hymen* was not broken.

His Honor charged the jury that any, the slightest penetration was sufficient to constitute the crime, and that it was unnecessary that the hymen should be broken. To which the prisoner excepted. Verdict of guilty. Judgment and appeal.

*Attorney General* for the State.
*Guion* for the prisoner.

BOYDEN, J. There is no error. His Honor left it to the jury, upon the testimony, to find whether there had been any penetration; stating that any, the least penetration was sufficient to constitute the crime of rape, and that it was not necessary to constitute this crime, that the hymen should be ruptured. His Honor was well warranted by authority in thus charging the jury. See 9 Carrington & Payne 572 and note, Bishop's Criminal Law, Vol. 2, Sec. 1078, American Criminal Law, Vol. 2, Section 1138.

In the case of the *State v. Grey & Jones*, decided at December Term, 1860, it was held that to constitute the crime of rape there must be proof of emission, as well as penetration, to constitute this crime.

The act of the 29th February, 1861, changed the law and enacted that the offence of rape "should be claimed and taken in law to be complete upon proof of penetration 'only.'"

There being no error, this will be certified, that the Court may proceed to judgment agreeable to law.

