STATE v. E. H. GARLAND.

*Evidence—Seduction.*

1. It is not competent to prove particular acts of immorality for the purpose of showing the bad character of a witness whose truthfulness is impeached.

2. It is competent to show that the contradictory statement, offered with a view to impeach a witness, was made to one who was an official in a religious organization, while in the discharge of his dtuies as such.

(*Barton* v. *Morphis*, 2 Dev. 520; *State* v. *Braswell*, Ibid., 209; *Dawney* v. *Murphy*, 1 Dev. & Bat., 82, cited and approved).

The defendant was tried and convicted at Spring Term, 1886, of GUILFORD Superior Court, before *Clark, Judge,* for the crime of SEDUCTION.

The facts are stated in the opinion of the Court.

*Attorney-General* and *Mr. J. A. Long,* for the State.

*Messrs. J. T. Morehead* and *John A. Barringer,* for the defendant.

SMITH, C. J. The defendant was indicted under the Act of March 6th, 1885, chap. 248, which enacts as follows : " That any man who shall seduce an innocent and virtuous woman under promise of marriage, shall be guilty of a crime, and upon conviction thereof, shall be fined or imprisoned at the discretion of the Court, and may be imprisoned in the peni-

tentiary not exceeding the term of five years; *provided, however*, that the unsupported testimony of the woman shall not be sufficient to convict; *provided further*, that marriage between the parties shall be a bar to further prosecution under this act."

The indictment contains the averment that the defendant, under a promise of marriage, did wilfully and unlawfully seduce one Nannie E. Jones, she being " an innocent and virtuous woman," &c., pursuing the general terms of the statute.

The testimony of the prosecutrix was direct and positive as to the act of seduction, followed by the birth of a child, and to her own previous chastity. Other testimony was in corroboration.

The defendant, examined on his own behalf, explicitly denied any promise of marriage or sexual intercourse with the woman, adding that he was pastor of a colored religious congregation of which she was a member.

Testimony was also introduced to show his good character and her bad reputation for drunkenness and virtue.

The defendant proposed to prove, but was not allowed to do so, that the prosecutrix was seen, on one occasion before the alleged seduction, to be intoxicated.

The exception to this ruling is untenable because her character in this regard had before been permitted to be given in evidence, and proof of a single act was both unnecessary and inadmissible. *Barton* v. *Morphis*, 2 Dev. 520; *State* v. *Braswell*, Ibid, 209; *Dawney* v. *Murphy*, 1 D. & B., 82.

One Nelson Donnel, a witness for the defendant, testified to his having had an interview with the prosecutrix soon after the birth of her child, and to statements made by her repugnant to her present testimony, and counsel proposed to show that the witness, an elder in the church, made the visit in his official capacity to investigate the charge against his pastor, and that he gave to her the reasons for his visit. This was ruled out and defendant excepted.

We think in this ruling there is error and that the inquiry ought to have been allowed.

Aside from the fact that the excluded evidence was part of the conversation to which the witness deposed, it was a material element as showing the solemnity of the occasion and its tendency to elicit a more careful and truthful statement. Had it been under the administration of an oath, a response would undoubtedly receive more credit from the jury than would be given to declarations hastily made and less apt to be remembered. The value of the conflicting declarations is the more apparent in the present case, where from the nature of the charge, the only direct testimony to the overt act must generally come from the parties to it, and their testimony is in irreconcilable conflict. Then, too, the statute does not permit a conviction upon the unaided testimony of the woman. Given under the statutory discredit, as well as antagonizing the defendant's own oath, certainly the defendant was entitled to evidence of the circumstances attending her admission to an officer of her own church seeking to ascertain the truth of the serious accusation against their common pastor. We do not put our ruling upon the ground that the witness, as an officer in the church, is entitled to any more credit than any other of equally good character.

The inquiry had not the purpose of securing greater confidence in the truthfulness of his statement for such reason, but of adding weight to her declarations in disproof of her present oath because made under such circumstances.

For this ruling there must be a *venire de novo.*

Error. Reversed.