THE STATE v. J. B. FAIN.

*Embezzlement—Indictment—Evidence.*

1. An allegation in an indictment for embezzlement that the defendant "did steal, take, carry away" the property alleged to have been embezzled, is surplusage, and will not vitiate an indictment otherwise sufficient.

2. The description of the property embezzled, as "one note for five dollars in money of the value of five dollars," is sufficiently specific. *The Code,* §§ 1020, 1183.

3. The precise value of the property alleged to have been embezzled is not essential; it is sufficient if it have *any* value.

4. There was evidence tending to prove that one K. placed in the hands of defendant a note to collect; that defendant called upon the payee, who had a lease upon the tract of land claimed by defendant, and proposed to surrender a lease for the note; that this proposition was accepted by defendant, and the note was surrendered and destroyed; that when called upon to account, defendant denied having collected anything, and stated he had mislaid the note: *Held*, that this evidence was properly submitted to the jury, and, if believed, warranted a verdict of guilty.

Indictment for Embezzlement, tried before *Clark, J.,* at Fall Term, 1889, of the Superior Court of CHEROKEE County.

The indictment charges that defendant "was employed in the capacity of an agent to one H. J. Kisselburg, and being above the age of sixteen years, and not being apprenticed to said Kisselburg, and, as such agent, intrusted by the said Kisselburg to receive money and notes for him, the said Kisselburg, and, being so employed and trusted, the said J. B. Fain, by virtue of such employment, then and there, did receive and take into his possession one note for the payment of five dollars, and of the value of five dollars in money, being lawful money of the United States, for and on account of the said Kisselburg, his said employer, and that the said J. B. Fain afterwards * * * fraudulently and feloniously, did embezzle and make way with the said note and money so received by him as aforesaid. And so the jurors aforesaid * * * do say that the said J. B. Fain did then and there * * * feloniously steal, take and carry away the said note and money from the said Kisselburg, his said employer, for whose use and on whose account he, the said J. B. Fain, so employed, * * * received the same and took the same into his possession, the said note and money being, at the time of the committing of the felony aforesaid, the property of the said H. J. Kisselburg," &c.

H. J. Kisselburg, for the State, testified, in substance, that he placed in the hands of the defendant, for collection, a note for $5, signed by Perry Allen; that he called on the defendant for the note, and defendant told him he had not been able to collect it, and had it among his papers; that learning from Allen that defendant had collected the note, he again called on him for it, or its proceeds, and defendant told him he had collected nothing on it and still had the note, but had mislaid it.

Perry Allen, for the State, testified that he executed the note for $5 to Kisselburg; that he had a lease on land belonging to the defendant, who called on him with the note for collection; that by an arrangement between him and the defendant, the lease was surrendered to the defendant in consideration of the note, which defendant gave up to him (Allen) and which was burned in his (Allen's) presence.

One Carter testified, for the State, that he was present and saw the note given by defendant to Allen in exchange for the lease, and it was burned by Allen.

The defendant testified, in his own behalf, that Kisselburg, when he gave him the note to collect, told him to do the best he could with it, and he could have half for collecting it; that Allen was insolvent and had a lease on some of his land, and proposed to surrender the lease, and if he (defendant) could make anything out of the land to do so and pay the note; that the offer was accepted, but that he never made anything off of the land, and did not surrender the note, but has lost it; that at the time referred to by witnesses (Allen and Carter) he held a mortgage on two steers of Allen's, and did give the mortgage to Allen; that neither Allen nor Carter could read or write, and that the land on which the lease was, had not been cultivated since.

The Court charged the jury, among other things, that if the defendant took up the lease under an agreement to appropriate any profit he might make on the land, surren-

dered the note and had made no profit, to find the defendant not guilty; but if the jury should find that the defendant used the note for his own benefit, by using it to relieve his land of the incumbrance of a lease on it, and the surrender of the lease was of any value, and the defendant had refused and failed to account to Kisselburg for the value of the benefit, to find the defendant guilty; that if the relieving the defendant's land of the lease was of any value to him (about which the evidence conflicted), it was the duty of the defendant to account, as he would have failed otherwise to perform his trust, and he would be guilty of embezzling the note and converting it to his own use and benefit; but if they found he relieved his land of the lease in exchange for the note, but such relief and extinguishment was of no value, the defendant would be not guilty, but in such a state of facts it would not be necessary to find that the lease was not worth five dollars; that if it was of any value—even five cents—and the defendant procured its extinguishment for his own benefit, if only five cents in value, by using the note, with the collection of which he had been entrusted, for his own use and benefit, and had denied it and refused to account for it, and the jury were satisfied of that beyond reasonable doubt, to find the defendant guilty.

There was a verdict of guilty. Motion for a new trial, because the verdict was against the weight of the testimony, and because the Court should have told the jury that there was no evidence of embezzlement. There was also a motion in arrest of judgment, on the ground that no indictable offence was charged under the statute, and for want of sufficient description of the note, there being no evidence that any money went into the hands of defendant.

These motions were respectively denied, and there was judgment and appeal.

*The Attorney General,* for the State.
*Mr. J. W. Cooper,* for defendant.

DAVIS, J.—after stating the facts: If there was any evi-
dence reasonably sufficient to go the jury, its weight, as has
been said time and again, is a question with which this
Court has nothing to do. That is exclusively within the
province of the jury.

The evidence on behalf of the State, if believed, suf-
ficiently established the facts. that the defendant received
the note executed by Perry Allen to collect for Kisselburg;
that he was Kisselburg's agent to collect; that he surren-
dered it to Perry Allen for the consideration testified to by
Perry Allen; that it was destroyed upon being so surrendered;
that, when called on by Kisselburg for the note, or its pro-
ceeds, defendant said he had not been able to collect it, but
had it among his papers, and, when called on again for it,
he said he had collected nothing on it, and still had it, but
had mislaid it. These facts and denials, and concealment, if
believed, undoubtedly constituted evidence.

They were denied by the defendant and presented ques-
tions of fact for the jury.

The value of the note, if it had any, is not an essential
element in the crime, and it was only necessary to prove
that it had *some* value.

We need not consider whether the defendant, by agree-
ment with Kisselburg, had an interest in what might be
realized on the note or not—that was a question of fact, and
his Honor's charge was, in this respect, all that the defend-
ant could rightfully ask. If the facts were as testified to by
the defendant, under the charge of the Court, he was not
guilty, but if they were as testified to on behalf of the State,
he was guilty, and the verdict was with the State. There
was no error in the refusal of the Court to instruct the jury
that there was no evidence, or in the instruction given.

The defendant moved in arrest of judgment upon the
ground that no indictable offence was charged, etc.

Embezzlement is not a common-law crime, but depends entirely upon statute. By section 1014 of *The Code*, it is enacted that: "If any officer, agent * * * of any corporation, person or copartnership (except apprentices and other persons under sixteen years of age), shall embezzle or fraudulently convert to his own use, or shall take, make way with or secrete, with intent to embezzle or fraudulently convert to his own use any money, goods or other chattels, bank-note * * * or other valuable security whatsoever, belonging to any other person or corporation, which shall have come into his possession or under his care, he shall be guilty of felony and punished as in cases of larceny." By section 1020, which was in the original act of 1871–'72 a part of section 1014, it is enacted that: "In indictments for embezzlement, except when the offence shall relate to a chattel, it shall be sufficient to allege the embezzlement to be of money, without specifying any particular coin or valuable security; and such allegation, so far as regards the description of the property, shall be sustained, if the offender shall be proved to have embezzled any amount, although the particular species of coin or valuable security of which such amount was composed shall not be proved."

By section 1183 it is sufficient if the indictment express the "charge against the defendant in a plain, intelligible and explicit manner" and "sufficient matter appears to enable the Court to proceed to judgment."

The indictment sufficiently charges the fiduciary relation—that the defendant, by virtue thereof, received one note of the value of $5 in money, for and on account of his employer, and that he fraudulently embezzled and made way with the note and money received by him, and, as we have seen, under section 1020 of *The Code*, it is sufficient to allege "the embezzlement to be of money, without specifying any particular coin or valuable security."

There is unnecessary surplusage in the indictment, but the charge of embezzlement is sufficiently made, and is not vitiated by the needlessly added charge that the defendant "did steal, take and carry away," etc. *State* v. *Lanier,* 89 N. C., 517.

There is no error.　　　　　　　　　Judgment affirmed.