THE STATE v. JACK JORDAN and DRED FRANCIS.

*Rape—Indictment—Evidence— Witness.*

1. Two or more persons may be guilty of the single crime of rape, and be jointly indicted therefor.

2. Upon the trial of an indictment for rape, the prosecutrix swore that one of the defendants held her while the other perpetrated the crime, and neither she nor her husband (who was present) assented to the act; the defendants admitted the carnal intercourse, but testified that it was with prosecutrix's consent, and, to break down her testimony, proposed to show by her examination on the preliminary hearing before a Justice of the Peace—which had been reduced to writing by the Magistrate but had not been signed—that she had then stated her husband told her to allow defendant to have intercourse with her; the Justice of the Peace did not remember what she had sworn in that respect, nor could he refresh his memory by reference to the paper, but testified that the document was a correct statement of what she swore: *Held,* (1) that the proposed evidence was relevant and pertinent, although the witness had not been given opportunity to admit or deny the statement; (2) that the paper, while not competent as substantive evidence, was competent for the purpose offered.

INDICTMENT for rape, tried at January Term, 1892, of NORTHAMPTON Superior Court, *Winston, J.,* presiding.

The prisoners are charged in the first count of the indictment with a rape committed upon the prosecutrix; and, in a second count, one of them is charged with being present, aiding and abetting the other to perpetrate the offence.

Upon the plea of not guilty, there was a verdict of guilty, and a motion in arrest of judgment upon the ground that the indictment charged that the prisoners jointly committed the offence. The Court overruled the motion, and the prisoners excepted.

The prosecutrix was examined as a witness before the committing Magistrate, and the latter reduced her evidence to writing, as she gave it. She was afterwards examined as a witness on the trial in the Superior Court. In order to contradict and discredit her, the defendants proposed to ask the witness (the committing Magistrate) if he did not hear the prosecutrix say, at the trial before him, in answer to a question asked her by the defendant Joe Jordan, that her husband told her to let him, the said Joe Jordan, have intercourse with her while he had hold of her. The witness testified that the proceedings were in his handwriting, and he was certain that what was there written was a true statement of what occurred before him at the trial. After objection to the evidence by the State, he was cautioned by the Court that he might refresh his memory from the papers, and then testify from his memory, but that he could not simply read the papers. The witness said, while he was certain as to the truth of what was in the papers, which he had written at the time of the trial, he could not remember what the prosecutrix said, except from the papers in his hands. The Court told him he could not read from the papers. The defendants thereupon proposed to offer the paper in evidence to show what the prosecutrix did say, in order to contradict

and discredit her. This was excluded by the Court. The defendant excepted. The evidence was not signed.

The other material facts are stated in the opinion.

From the judgment of death, the prisoners appealed.

*The Attorney General*, for the State.
*Mr. T. W. Mason*, for defendants.

MERRIMON, C. J.: The indictment is sufficient, and the Court properly denied the motion in arrest of judgment. Two or more men may commit the single crime of rape by being present, aiding and abetting the actual ravisher in the perpetration of the offence. At the common law, all such offenders are equally principals and alike participate in the crime and guilt. They may, therefore, all be indicted together in the same manner as the one who directly does the injury. The statute of this State in respect to rape does not change or modify the common law as to persons present, aiding and abetting in the perpetration of that crime. Hale's Pl. Cr., 629; 1 Bish. Cr. L., § 1090; *Rex* v. *Folks & Ludds*, 1 Moody's Cr. Cases, 354. The second count is unnecessary, and is no more than redundant matter. The evidence for the prosecution went to prove that both the prisoners actually ravished the prosecutrix, and that there were two distinct rapes—one by each of them—committed upon her; but it also went to prove that each of the prisoners was present aiding and abetting the other in the perpetration of the offence actually committed by him. There was evidence to prove that they were each guilty of both offences. But this state of the evidence did not affect the sufficiency of the indictment. The latter was sufficient, and there was evidence from which the jury might render a verdict of guilty upon it.

The assignment of error as to the exclusion of the evidence of the committing Magistrate must be sustained. On the

trial, the prosecutrix, testifying as a witness for the State, among other things, said: " Then Jack held her husband while Dred raped her; that it was done violently, with force and intimidation, neither she nor her husband assenting thereto, and she had been sick ever since."

Each of the prisoners was examined as a witness for the defence, and admitted that he had had carnal knowledge of the prosecutrix at the time and place alleged, and " testified that she consented to sexual intercourse."

The prosecutrix had been examined as a witness before the committing Magistrate.   On the trial, the prisoners proposed to contradict and impeach her by showing that she testified before the Magistrate on the preliminary examination, " that her husband told her to let him, the said Jack (one of the prisoners), have intercourse with her while he had hold of her."   That such was the purpose of the examination of the Magistrate, and the introduction of the written evidence of the prosecutrix taken by him, sufficiently appears from the evidence of the prosecutrix above recited, the testimony of the prisoner just recited, and the questions put to the Magistrate.   It appears, from strong implication and inference, that the purpose was to contradict the prosecuting witness in the respect just mentioned.

The Magistrate testified clearly that the written statement of the evidence of the prosecutrix, taken by him on the preliminary examination of the prisoners, was correct and true. It must be assumed that it would tend to show what the prisoners proposed to prove by it.   Then, was that written statement competent evidence?   We think it was competent for the purpose of showing, in some measure, that the prosecutrix had given, under oath, a different account of material facts connected with the rape charged, in her examination before the committing Magistrate, from what she testified to on the trial, and thus to discredit her.   The Magistrate said he could not state on the strength of his recollection what

she testified to before him, but he said that he took her evi-
dence down in writing, and he took it truly; that the written
evidence before him was taken by him, and contained a cor-
rect and true statement of what she said.    It is clear he
might, if he could, have testified as to what she said before
him.    Then, if he could so testify, why was the written evi-
dence taken and identified by him as true, not competent?
His memory in the lapse of time and from other causes
might fail, but the true written statement could not change;
it spoke the truth when it was offered in evidence as cer-
tainly as it did the day it was written.    If it was taken truly,
it was safer, stronger, more reliable than the unaided memory
of any witness.    It has been held by this Court, after much
reflection, in *State* v. *Pierce*, 91 N. C., 606, and *Bryan* v. *Mor-
ing*, 94 N. C , 687, that the evidence of a witness reduced to
writing and properly identified as correct and true, is com-
petent when pertinent and relevant on the trial of actions.
Those cases were well considered, and we see no reason to
modify them in the respect pertinent here.    On the contrary,
we again approve them.    See, also, *Davenport* v. *McKee*, 94
N. C., 325.

It is to be observed that the purpose of the evidence ex-
cluded is not to contradict the prosecuting witness as to
something merely collateral, but to show that she gave con-
tradictory accounts of the very matter in question.    It was
not, therefore, necessary to ask the witness what she said on
the preliminary examination before offering evidence of her
contradictory statements.    *Jones* v. *Jones*, 80 N. C., 246; *State
Garland*, 95 N. C., 671; *State* v. *McQueen*, 1 Jones, 177.

It is further to be observed that the written statement of
the evidence of the prosecutrix was not offered as substantive
evidence as allowed in appropriate cases by the statute (*The
Code*, § 1157).    It was not sufficient for that purpose, because,
as appears, it had not been taken in conformity with the
statute.    That it was not signed by the witness did not ren-

der it incompetent when offered as evidence in the present case. *State* v. *Pierce, supra; Bryan* v. *Moring, supra.*

The contradictory evidence was relevant and competent. The prisoners testified that the prosecutrix assented to their sexual intercourse with her. In view of their contention, if the husband, who was present at the time of the perpetration of the alleged rape, told the prosecutrix to have such intercourse with the prisoner Jordan, this would be some evidence of what was said and done, and it might have had some weight with the jury. But the contradictory statement was not offered to prove that the husband did so instruct his wife, but to discredit the wife as a witness by showing that she made the statement under oath at one time in one way, and a statement on the trial under oath just the reverse, as as to what was said by her husband at the scene of the rape. The purpose was to satisfy the jury that she was unworthy of credit.

It is not sufficient to say that the evidence was unimportant. It was evidence the prisoners were entitled to have submitted to the jury, and it was their province to determine its weight in connection with other evidence before them. It is our province and our solemn duty to determine and apply the law.

The prisoners are entitled to a new trial, and we so adjudge.

Error.