## STATE v. MONDS.

(Filed May 27, 1902.)

1. RAPE—*Emission—The Code, Sec. 1101, Acts 1895, Chap. 295.*

In rape the least penetration of the person is sufficient, and the emission of seed is unnecessary.

2. RAPE—*The Code, Secs. 1101-5—Acts 1895, Chap. 295.*

In an indictment under Acts 1895, Chap. 295, for carnally know-ing a girl between the ages of 10 and 14, it is error to charge that the crime would be complete "if the jury should find that the defendant injured and abused her genital organs."

INDICTMENT against James Monds, heard by Judge *George A. Jones* and a jury, at March Term, 1902, of the Superior Court of CHOWAN County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer,* Attorney-General, for the State.
*W. J. Leary, Sr.,* for the defendant.

COOK, J. Defendant was tried and convicted upon a bill of indictment drawn under Section 1101 of The Code, as amended by Act of 1895, Chap. 295, which, as amended, is as follows:

"Every person who is convicted of ravishing and carnally knowing any female of the age of ten years or more, by force and against her will, or who is convicted of unlawfully and carnally knowing and abusing any female child under the age of ten years, shall suffer death. And every person who is convicted of unlawfully and carnally knowing, abusing any female child ten years old and under the age of fourteen, shall be guilty of a crime, and shall be punished by fine or imprisonment in the State Prison at the discretion of the Court, provided she has never before had sexual intercourse with any male person."

From the evidence of the prosecuting witness, it appears that she was over ten and under fourteen years of age, and that she was willing to the intercourse; and that the exposure was made by two men, who happened to pass along the path and saw her and defendant in a compromising position on the ground in the bushes, having their attention attracted by hearing a "noise between a whine and a cry," and the barking of a dog, which caused them to jump up, and they ran in different directions.

His Honor instructed the jury "that if defendant attempted to have carnal knowledge of the prosecutrix with her consent, and before he accomplished his purpose he was intercepted and proceeded no further, then the defendant would not be guilty unless he injured and abused the genital organs of the prosecutrix; that the jury must find these facts from the evidence introduced, beyond a reasonable doubt before they can convict." The Court further charged "that unless the jury find from the evidence that defendant had actual sexual intercourse with the prosecutrix, that is, that he penetrated and had emission of seed in her person, he would not be guilty of carnally knowing her, and that there was no evidence that he had penetrated, * * * but if the jury find that defendant injured and abused her genital organs, beyond

a reasonable doubt, then defendant would be guilty." Defendant excepted and appealed from the judgment pronounced.

His Honor erred in instructing the jury that the offense would be incomplete unless "he penetrated and had emission of seed in her person."

"It shall not be necessary upon the trial of any indictment for the offense of rape, carnally knowing and abusing any female child under ten years of age, * * * to prove the actual emission of seed in order to constitute the offense, but the offense shall be completed upon proof of penetration only." The Code, Sec. 1105; *State v. Hargrove*, 65 N. C., 466. As this part of the charge was more favorable to defendant than the law permits, he can not complain; but we deem it proper to rule upon it, lest our failure to do so would be misunderstood. The error, however, for which a new trial is granted, consists in charging that the crime would be complete, "if the jury find that defendant injured and abused her genital organs." The female's age being over ten and under fourteen years, the indictment is drawn under the Act of 1895, which withdraws its protection from females, within that age, who have previously had sexual intercourse. With this exception, it does not materially differ from the former statute (Code, Sec. 1101); in the one it is * * * "carnally knowing and abusing;" * * * in the other, it is "carnally knowing, abusing." * * * In the latter statute a "comma" exists in lieu of the copulative conjunction "and." By no known rule can we construe the comma to mean "or" so as to create a separate offense, and if we construe it as placing "abusing" in opposition with "knowing," then we would have to hold that "knowing" was explained or characterized by "abusing," which was clearly not intended by the Legislature. Therefore, in construing the amendment as a whole, in connection with the amended statute, we must

hold that the Legislature did not intend to depart from its former verbiage in extending the "consent" limit. It seems clear to us that they both have the same meaning and the *gravamen* of the offense is the "knowing"—penetration with his person—without which there is no rape.

The "abusing" is no part of the common (or statute) law definition of rape. We first find it in the Statute of 18 Elizabeth, Chap. 7, when the "abominable wickedness of carnally knowing and abusing any woman child under the age of ten years" was made a felony without benefit of clergy; in which case the consent or non-consent is immaterial, as by reason of her tender years she is incapable of judgment and discretion.

The "abusing" construed with the "carnally knowing" means the imposing upon, deflowering, degrading, ill-treating, debauching and ruining socially, as well as morally, perhaps, of the virgin of such tender years, who, when yielding willingly, does so in ignorance of the consequences and of her right and power to resist. If the act be committed forcibly and against her will, it would be rape without reference to the statute. "Injury" of her genital organs might have occurred from the effort to penetrate, or in some other way; but the statute does not declare it to be an element of the crime to injure or abuse the organs. To have injured the organs in some way other than by endeavoring to penetrate with his person, if done with her consent, though it would be abusing her, would not be a crime, because there was no act of carnal knowledge. But if the injury occurred against her will and intentionally, then it, the injury, would be embraced in the *assault* charged, for which he could be convicted.

For the error in the charge above pointed out, a new trial is granted.

New Trial.