## STATE v. JAMES MARAGOUSIS, ALIAS J. B. MALLOS.

(Filed 23 February, 1927.)

**1. Instructions—Evidence—Appeal and Error.**

Where testimony upon a criminal trial is properly excluded upon motion of the objecting party to strike out, and thereafter in his charge the judge has referred to it as a part of the testimony, the error is prejudicial and a new trial will be granted on appeal.

**2. Criminal Law — Embezzlement — Evidence — Principal and Agent— Questions for Jury.**

Evidence on a trial for embezzlement under a proper indictment, that the defendant obtained money on a check of the prosecuting witness given him to buy a certain business for the witness and converted it to his own use, is sufficient to take the case to the jury.

**3. Criminal Law—Unrelated Offense—Evidence—Appeal and Error.**

Where the defendant is tried for embezzlement, evidence that in an unrelated instance the defendant was guilty of a similar offense is improperly admitted and constitutes prejudicial error.

**4. Evidence—Credibility—Questions for Jury.**

The weight and credibility of competent evidence are questions for the jury.

**5. Appeal and Error—Evidence—Objections and Exceptions.**

The Supreme Court on appeal will not pass upon the question of the admissibility of evidence not objected to on the trial.

APPEAL by defendant from *Grady, J.,* at October Term, 1926, of EDGECOMBE. New trial.

Indictment for embezzlement. Verdict: Guilty. From judgment that defendant be confined in the State's Prison for a term of three years, at hard labor, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*R. N. Simms (in the Supreme Court only) for defendant.*

CONNOR, J.  Defendant is charged in the indictment with the embezzlement, on or about 27 March, 1925, of the sum of $750, the property of Elias Apostolou.  Both the prosecutor and the defendant are Greeks. They have each lived in the United States for about ten years, during which time they have each been engaged in the business of operating cafes.  They first met in this State in October, 1923, since which time they have had many mutual business transactions.  Their social relations have also been more or less intimate.

The prosecutor, as a witness for the State, testified that on or about 27 March, 1925, at Tarboro, N. C., he gave to defendant his check for the sum of $750; that defendant collected this check, receiving the money therefor as agent for the prosecutor; that defendant had agreed to purchase a cafe at Williamston, N. C., for the prosecutor, and that the check was given to him and the money received by him as agent of the prosecutor to make said purchase; that defendant did not purchase the cafe, but retained the money derived from the collection of the check and converted it to his own use.

Defendant, testifying as a witness in his own behalf, admitted that he received the check and collected the money; he denied that there was any agreement between him and the prosecutor with reference to the purchase of a cafe at Williamston for the prosecutor, or that the money was received by him as agent for this purpose; he testified that the prosecutor gave him the check in part payment of the amount due the defendant by the prosecutor in the adjustment of certain partnership dealings between them with respect to a cafe at Tarboro, N. C.

While testifying as a witness for the State, the prosecutor detailed at great length a conversation which he testified he had with the defendant at Roanoke, Va., in 1923, relative to the purchase by defendant of certain property in Raleigh, N. C., to be used as a hotel.  This testimony was highly prejudicial to defendant, in that it tended to show grave moral turpitude on the part of defendant.  Defendant objected to this testimony, and moved the court to strike it from the record. The objection was sustained.

The court, however, in his charge to the jury, in reciting the contentions of the State with respect to the fraudulent intent of defendant, who had admitted the receipt of the check and the collection of the money by him in March, 1925, referred to this testimony in detail as tending to support the said contentions.  Defendant excepted to the reference by the court to this testimony, and assigned same as error upon his appeal to this Court.

This assignment of error must be sustained.  The error inadvertently made by the learned judge who presided at the trial was, we think, in view of facts and circumstances disclosed by the court, highly prejudicial

to the defendant. This error entitles the defendant to a new trial under the authority of *S. v. Love*, 187 N. C., 32.

We cannot sustain, however, the assignment of error based upon defendant's exception to the refusal of his motion made at the close of all the evidence for judgment as of nonsuit. There was evidence from which the jury could find the facts necessary to a conviction for embezzlement; it was properly submitted to the jury. Its credibility and weight was a matter for the jury and not for the court.

There are other assignments of error which we need not discuss, inasmuch as we are of the opinion that defendant is entitled to a new trial for the error pointed out above. The record discloses that defendant was not represented during his trial in the Superior Court by counsel licensed as an attorney at law to practice in the courts of this State, and it is manifest that he was not well advised as to his rights under the laws of this State. Testimony was offered and submitted to the jury as evidence which, upon objection made in apt time, would have been excluded by the learned judge who presided at the trial. In the absence of exceptions to this testimony, duly taken, and made the grounds of assignments of error upon defendant's appeal to this Court, we cannot pass upon the competency of this evidence. The court was not called upon to rule upon the admissibility of this testimony by objections, in accordance with the rules of practice in this State.

Defendant filed a motion in this Court for an arrest of judgment for that the indictment does not charge that the property alleged therein to have been embezzled was either money or a valuable security, or a check, and that there is a variance in the proof. This motion is denied, upon the authority of *S. v. Fain*, 106 N. C., 760. See, also, C. S., 4268, and C. S., 4620.

The indictment is not defective, as contended by defendant; it charges that "defendant, being an agent of Elias Apostolou, did take into his possession the sum of $750, the property of said Apostolou, his principal, and said money then and there did feloniously and willfully embezzle and convert to his own use, etc." Defendant, however, is entitled to a

New trial.