STATE v. EARNEST HOWARD VINCENT.

(Filed 8 January, 1943.)

1. Indictment § 10—

Where defendant is indicted for a capital offense under the name "Vincent," testifies that his name is Vincent, appeals *in forma pauperis* as "Vinson," and then claims his name is "Furgerson," there is a clear case of *idem sonans*. Defendant was tried as Vincent, without objection or challenge, convicted and sentenced under the same name, and there is no question of his identity. He will not now be heard to say his real name is "Furgerson."

2. Criminal Law § 31f—

The State has a right to have a prisoner identified, and there was no error, in a prosecution for rape, for the court to require the defendant to stand up, while prosecutrix was on the witness stand, and allow her to identify him as the man who assaulted her on the night in question.

3. Rape § 1d—

In a prosecution for rape, where the State's evidence tended to show that defendant and another held up a man and a woman in a parked automobile at night, robbed the man and defendant ravished the woman, who positively identified him, defendant admitting his presence and aiding and abetting in the robbery, but testified that his confederate was the ravisher, motion for nonsuit was properly denied. C. S., 4643.

APPEAL by defendant from *Bone, J.*, at October Term, 1942, of DURHAM.

Criminal prosecution tried upon indictment charging the defendant with rape.

There is evidence on the record tending to show that on the night of 7 June, 1941, the defendant and one Clarence Willis, both residents of Durham, N. C., went out to stage a hold-up or robbery. They found an automobile parked on a side road near the Oxford Highway just outside the city limits of Durham. The prosecutrix, a deaf and dumb woman, and Bono Williams, who is partially deaf and dumb, were in the car. They were on the back seat. It is in evidence that the defendant robbed the man, jerked his wrist watch off, took the keys out of the car, motioned the woman to get out, which she did, told her companion to tell her he had a gun, which he did, and the defendant then proceeded to ravish the prosecutrix. *S. v. Long,* 93 N. C., 542.

The defendant testified on the hearing that Clarence Willis was the culprit in the case; that he, Willis, put on the defendant's cap and coat and went to the car while the defendant watched the road from behind a tree.

Verdict: "Guilty of rape."
Judgment: Death by asphyxiation.
The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*Bennett & McDonald for defendant.*

STACY, C. J. The defendant is indicted under the name of Earnest Howard Vincent. He testified on the hearing that his name was "Earnest Howard Vincent." In his application to appeal *in forma pauperis,* he uses the name Earnest Howard Vinson. He now says that his real name is Earnest Howard Furgerson. It is admitted "that in the above named cause the name Earnest Howard Vincent is the one and the same name and person as Earnest Howard Vinson." Whatever the defendant's real name may be, there can be no doubt that the person who was tried under the name of Earnest Howard Vincent pleaded to the indictment under this name and was identified by the prosecutrix as her assailant. He was sentenced under the name of Earnest Howard Vincent, and he is now held in custody under the same name. It seems to be a clear case of *idem sonans,* there being no question as to the identity of the defendant. *S. v. Vestal,* 82 N. C., 563; *Hubner v. Reickhoff,* 103 Iowa, 368, 64 Am. St. Rep., 191; 38 Am. Jur., 612.

It was said in *Pitsnogle v. Commonwealth,* 91 Va., 808, 50 Am. St. Rep., 867, quoting with approval from 1 Bishop on Crim. Proc., sec. 689, that "if two names may be sounded alike without doing violence to the power of the letters found in the variant orthography, the variance is immaterial."

The term *"idem sonans"* means sounding the same. Here, the two names, "Vincent" and "Vinson," sound almost alike. No point was made of the variance, if such it be, on the trial, and, of course, the defendant will not now be heard to say that his real name is "Furgerson." He was tried under the name of Vincent, without objection or challenge, and sentenced under the same name. There being no question as to his identity, he may retain the name for purposes of judgment. *S. v. Patterson,* 24 N. C., 346.

While the prosecutrix was on the stand as a witness, the defendant was asked to stand up in the presence of the jury. The prosecutrix then pointed him out as the man who had assaulted her on the night in question. The defendant complains at this procedure, on the ground that he was thus required to give evidence against himself in a criminal prosecution. For this position, he relies upon *S. v. Jacobs,* 50 N. C.,

STATE *v.* VINCENT.

259, where the defendant, whose *status* as a free Negro was at issue, was required to exhibit himself to the jury, and the action of the trial court was held for error.   Compare, *Holt v. United States,* 218 U. S., 245. Here, however, the identity of the defendant, and not his status or degree of color, was at issue.   *S. v. Garrett,* 71 N. C., 85.   In this respect, the case comes squarely under the decision in *S. v. Johnson,* 67 N. C., 55, where it was held that the State had a right to have the prisoner identified as the person charged.

In *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720, it was said: "It was the right of the State to have the defendants present at the trial, both for the purpose of identification and to receive punishment if found guilty, *S. v. Johnson,* 67 N. C., 55, and if a defendant should persist, for example, in wearing a mask while on trial, the court would be fully justified in ordering the mask removed, so that he might be identified by the witnesses.   *Warlick v. White,* 76 N. C., 179."

The defendant insists that his motion for judgment of nonsuit should be allowed under C. S., 4643, because, he says, the State's evidence is unreasonable and unworthy of belief.   In making this argument, the defendant overlooks the fact that his own testimony tends to corroborate many of the circumstances detailed by the State's witnesses.   He admits that he was present, aiding and abetting Clarence Willis in the commission of a robbery.   *S. v. Whitehurst,* 202 N. C., 631, 163 S. E., 683. Moreover, on demurrer to the evidence, the court's inquiry is directed to its sufficiency to carry the case to the jury or to support a verdict, and not to its weight or to the credibility of the witnesses.   *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360.   The jury alone are the triers of the facts. *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643.   We are not permitted to weigh the evidence here.   *S. v. Fain,* 106 N. C., 760, 11 S. E., 593.

The remaining exceptions are too attenuate to warrant any extended discussion.   It is conceded they are technical, but defendant says he should be given the benefit of every possible defect in the trial.   We have found none of sufficient merit to disturb the result.   The verdict and judgment will be upheld.

No error.