STATE v. WILBERT JOHNSON AND CHARLES PRIMUS, JR.

(Filed 6 November, 1946.)

**1. Rape §§ 1, 8—**

Carnally knowing any female of the age of twelve years or more by force and against her will is rape; and carnally knowing and abusing any female child under the age of twelve years is also rape, G. S., 14-21.

**2. Rape § 1—**

"Force" as an element of rape may be either actual or constructive, and submission under fear or duress may take the place of actual physical force.

**3. Rape § 1½—**

The single crime of rape may be committed by more than one offender, and a person who is present and aids and abets the actual ravisher, is a principal and equally guilty.

**4. Criminal Law § 8—**

Aiders and abettors who assist in the perpetration of a crime are principals.

**5. Rape § 4—Evidence of guilt of both defendants of rape, one as perpetrator and other as aider and abettor, held sufficient.**

Evidence that defendants, in the middle of the night, pursuant to an admitted conspiracy to rob, took charge of a parked automobile occupied by prosecutrix and her male companion, drove it into the county, robbed the occupants and forced them to alight, and that one of defendants then ordered prosecutrix to remain at the spot with the other defendant, and forced her companion, at pistol point, to march two hundred feet away with him, and that while thus separated from her companion, the defendant who remained with prosecutrix threatened to kill her or do her great bodily harm if she resisted, and in the circumstances where resistance would be useless and might have been fatal, prosecutrix submitted to him "on account of fear" *is held* sufficient to carry the case to the jury as to the guilt of each defendant on the capital charge of rape, one as the actual perpetrator, and the other as an aider and abettor.

**6. Criminal Law §§ 52a, 81f—**

A demurrer to the evidence presents the sufficiency of the evidence considered in the light most favorable to the State, to carry the case to the jury or to support the verdict, and neither the trial court nor the Supreme Court on appeal may pass upon the weight of the evidence or the credibility of the witness.

APPEAL by defendants from *Harris, J.,* at June Term, 1946, of WAKE.

Criminal prosecution on indictment charging the defendants with rape.

Following arrest of judgment at the Spring Term, 1946, reported *ante,* 266, for defect in bill of indictment, another bill was duly returned against the defendants charging them with the carnal knowledge of a female forcibly and against her will. Upon this indictment they were again tried and convicted.

The record discloses that on the night of 19 June, 1945, about the hour of 11:45 p.m. Charles Primus, Jr., and Wilbert Johnson (Negroes), armed and admittedly bent on robbery, took charge of an automobile which was parked on Whitaker Mill Road in the northern part of the City of Raleigh and occupied at the time by John Guignard and Virginia Lipscomb (Whites), drove it a distance of about six miles into the country, ran it into a ditch, got out and ordered the occupants to do likewise, demanded their pocketbooks, commanded them to go down a road in the woods; the defendants then held a whispered conversation, after which Johnson, with gun in hand, directed Miss Lipscomb to "stay there," with Primus and marched Guignard approximately 200 feet down a path and demanded to know where his money was. While the parties were thus separated, Primus had intercourse with the prosecutrix after threatening to kill her if she did not submit. She says, "I submitted to Primus on

account of fear." The defendants were over 18 years of age; and the prosecutrix was 25 years old at the time of the assault.

Soon after the rape was accomplished the defendants freed the prosecutrix and her companion and allowed them to make their way to a house in the neighborhood.

The defendants admitted in statements in the nature of confessions that they obtained $650 from Guignard and $38 from Miss Lipscomb. Each originally claimed the other committed the rape, but finally Primus admitted he was the one who actually assaulted the prosecutrix. Johnson was tried on the theory of an accessory, being present, aiding and abetting in the perpetration of the capital offense. He was referred to by Primus as "the boss" of the hold-up conspiracy.

Verdict: Guilty of rape as to each defendant.

Judgments: Death by asphyxiation as to both defendants.

Defendants appeal, assigning as error the refusal of the court to sustain their demurrers and dismiss the action as in case of nonsuit. G. S., 15-173.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*A. B. Breece for defendants.*

STACY, C. J. The questions presented are whether the cases as made can survive the demurrers. Specifically, the question posed by Primus is whether the evidence shows force sufficient on his part to constitute rape; and the question raised by Johnson is whether the evidence renders him a participant in the capital offense. The defendants concede that they conspired to get money by hold-up and robbery on the night in question, but they contend that any additional crime was in excess of their original design. *S. v. Trammell,* 24 N. C., 379. *Cf. S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360; *S. v. Bell,* 205 N. C., 225, 171 S. E., 50.

## I. THE CASE AGAINST PRIMUS:

"Rape is the carnal knowledge of a female forcibly and against her will." *S. v. Jim,* 12 N. C., 142. This was the early definition of the crime, and it still has the same significance in the law. *S. v. Marsh,* 132 N. C., 1000, 43 S. E., 828; *S. v. Johnston,* 76 N. C., 209. Our statute also makes it rape, carnally to know and abuse any female child under the age of twelve years, even though she consents. G. S., 14-21; *S. v. Storkey,* 63 N. C., 7. In other words, "ravishing and carnally knowing any female of the age of twelve years or more by force and against her will" is rape; and "carnally knowing and abusing any female child under the age of twelve years" is also rape. G. S., 14-21; *S. v. Monds,* 130 N. C., 697, 41 S. E., 789.

22—226

In the instant case, as against Primus, it was incumbent upon the State to show that his connection with the prosecutrix was accomplished "by force and against her will." "By force," however, is not necessarily meant by actual physical force. 52 C. J., 1024. It may be actual or constructive. Anno. 8 L. R. A., 297. Fear, fright, or duress, may take the place of force. 44 Am. Jur., 903. The case is replete with evidence that the prosecutrix submitted "on account of fear" and after the defendant had threatened to kill her or do her great bodily harm, if she resisted. Indeed, the circumstances themselves were terrifying. The prosecutrix and her companion had been held up and robbed in the middle of the night by two strange men whom they regarded as desperadoes. Johnson with gun in hand ordered the prosecutrix to "stay there" in the wooded path with Primus while he marched her companion farther "down the path." Under these circumstances, the prosecutrix "submitted to Primus on account of fear." The jury has found that the intercourse was against her will; that she was prevented from fiercely resisting by terror or the exhibition of force, and that she was "overcome by numbers or terrified by threats, or in such place and position that resistance would have been useless," and might have been fatal. *Mills v. United States,* 164 U. S., 644, 41 L. Ed., 584; 44 Am. Jur., 904. The evidence against Primus was sufficient to carry the case to the jury, and his demurrer was properly overruled. *S. v. Sutton,* 225 N. C., 332, 34 S. E. (2d), 195; *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Page,* 215 N. C., 333, 1 S. E. (2d), 887.

## II. THE CASE AGAINST JOHNSON:

The theory of the prosecution against Johnson is, that he was present, aiding and abetting in the commission of the rape. *S. v. Ham,* 224 N. C., 128, 29 S. E. (2d), 449; *S. v. Epps,* 213 N. C., 709, 197 S. E., 580; *S. v. Ray,* 212 N. C., 725, 194 S. E., 482; *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *S. v. Skeen,* 182 N. C., 844, 109 S. E., 71; *S. v. Jarrell,* 141 N. C., 722, 53 S. E., 127. While Primus was the actual rapist, still it was Johnson who provided the opportunity and afforded the protection. *S. v. Kelly,* 216 N. C., 627, 6 S. E. (2d), 533. After a whispered conversation with Primus he ordered the prosecutrix to "stay there" with Primus in the wooded path, and then commanded her companion to move farther into the woods. *S. v. Bell, supra.*

If not the real author of the crime, Johnson was "the boss," directing the movements of the parties, lending aid and comfort by his presence and consenting unto the wrong. This made him a partaker of the offense and *particeps criminis. S. v. Whitehurst,* 202 N. C., 631, 163 S. E., 683. True, he again demanded of Guignard to know where his money was,

but this, the prosecution contends, was only a ruse as the money had already been taken. As soon as the crime was accomplished, the prosecutrix and her companion were freed by their captors.

The single crime of rape may be committed by more than one offender. *S. v. Jordan,* 110 N. C., 491, 14 S. E., 752; *S. v. Dowell,* 106 N. C., 722, 11 S. E., 525; *S. v. Jones,* 83 N. C., 605; Anno. 8 L. R. A., 297. If others are present, aiding and abetting the actual ravisher, they would all be principals and equally guilty. *S. v. Triplett,* 211 N. C., 105, 189 S. E., 123. Aiders and abettors who assist in the perpetration of a crime are principals, and may be tried as such. *S. v. Holland,* 211 N. C., 284, 189 S. E., 761; *S. v. Hart, supra; S. v. Fox,* 94 N. C., 928. "Where two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty." *S. v. Jarrell, supra; S. v. Williams,* 225 N. C., 182, 33 S. E. (2d), 880.

The evidence against Johnson was sufficient to carry the case to the jury, and his demurrer was properly overruled. *S. v. Lambert,* 196 N. C., 524, 146 S. E., 139; *S. v. Baldwin,* 193 N. C., 566, 137 S. E., 590; *S. v. Hart, supra.*

These are the only exceptions presented by the appeal. They are without special merit on the present record, and are not sustained. The court's inquiry, upon demurrer to the evidence, is directed to its sufficiency to carry the case to the jury or to support a verdict, and not to its weight or to the credibility of the witnesses. *S. v. Vincent,* 222 N. C., 543, 23 S. E. (2d), 832; *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669. The jury alone are the triers of the facts. *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643. We are not permitted to weigh the evidence here. *S. v. Fain,* 106 N. C., 760, 11 S. E., 593. "In considering a motion to dismiss the action under the statute, we are merely to ascertain whether there is any evidence to sustain the indictment; and in deciding the question we must not forget that the State is entitled to the most favorable interpretation of the circumstances and all inferences that may fairly be drawn from them. . . . It is not the province of this Court to weigh the testimony and determine what the verdict should have been, but only to say whether there was any evidence for the jury to consider; and if there was, the jury alone could determine its weight"—*Adams, J.,* in *S. v. Carr,* 196 N. C., 129, 144 S. E., 698.

The verdict and judgments will be upheld.

No error.