STATE v. CLEVELAND JONES.

(Filed 5 November, 1958.)

**1. Rape § 8—**

The act of carnally knowing and abusing any female child under the age of twelve years is rape; neither force nor intent are elements of the offense. G.S. 14-21.

**2.  Same:    Rape § 1—**

The terms "carnal knowledge" and "sexual intercourse" are synonymous and are effected in law if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male.   G.S. 14-23.

**3.  Criminal Law § 159—**

Assignments of error not brought forward and discussed in the brief are deemed abandoned.

**4.  Criminal Law § 162—**

Where the record does not show what the witness would have answered to questions asked on cross-examination, an exception to the exclusion of the testimony presents nothing for review.

**5.  Criminal Law § 32—**

The burden is on the State to offer evidence sufficient to establish the *corpus delicti* beyond a reasonable doubt.

**6.  Rape § 10—**

Where the prosecuting witness, a female child under the age of twelve, testifies that defendant had sexual intercourse with her, testimony of physicians that the child was suffering from gonorrhea some six days after the alleged rape is competent in corroboration of the child's testimony that a male person had carnally known and abused her, notwithstanding the absence of evidence that defendant had gonorrhea.

**7.  Criminal Law § 90—**

The general admission of evidence competent against defendant for a restrictive purpose will not be held for error in the absence of request by defendant at the time that its admission be restricted. Rule of Practice in the Supreme Court No. 21.

**8.  Rape § 26—**

G.S. 15-169 and G.S. 15-170 are applicable only when there is evidence tending to show that the defendant may be guilty of a lesser offense included in the crime charged, and where the State's evidence is positive as to each and every element of the crime of rape and there is no conflict in the evidence relating to any element thereof or evidence that would warrant or support a finding that defendant was guilty of a lesser offense, it is not error for the court to limit the jury to a verdict of guilty of rape, guilty of rape with recommendation that the punishment be imprisonment for life, or not guilty.

**9.  Criminal Law § 156—**

Exceptions and assignments of error to the charge on the ground that it failed to declare and explain the law arising on the evidence given in the case, without pointing out any particular matter arising on the evidence concerning which the court failed to declare and explain the law, are ineffectual, and further, in this case, the charge of the court was clear, full and explicit.

**10.  Criminal Law § 108—**

Where the court makes a plain and accurate statement of the testimony of each witness and states the contentions of the State and de-

fendant respectively in regard thereto, the fact that the court does not state any contentions as to why the jury should or should not believe and accept the testimony of any of the State's witnesses, is not ground for objection, since the court may appropriately leave to the respective counsels the making of contentions relating to the credibility of the witnesses and the probative value of the testimony.

PARKER, J., not sitting.

APPEAL by defendant from *Paul, J.,* July Assigned Criminal Term, 1958, of WAKE.

Criminal prosecution on indictment for rape, charging in substance, that defendant on May 28, 1958, unlawfully and feloniously, did carnally know and abuse a named female child under the age of twelve years.

The bill of indictment was returned at June 23rd Term. Thereupon, defendant being without means to employ counsel, the court appointed Ellis Nassif, Esq., to represent him. The trial was at a later term, namely, that commencing July 7, 1958. The evidence consisted of that offered by the State. Defendant did not testify or offer evidence.

The State's principal witness, the eight year old girl, testified that on Wednesday, May 28, 1958, about 9:00 a.m., she was alone in her apartment; that her father and mother, with whom she lived, had gone to work; that defendant, who lived in the same apartment building and whom she knew, entered her apartment, took off her underpants, put her upon a bed, and there carnally knew and abused her; that she was hurt, cried and called upon defendant to stop and to go home; and that defendant made no reply except to say "if (she) told it he was going to kill (her)." There was other evidence in corroboration.

The jury returned a verdict of guilty of rape with the recommendation that defendant be confined in the State's Prison for life. The court entered judgment, imposing a sentence of life imprisonment, from which defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney General Bruton, for the State.*
*Ellis Nassif for defendant, appellant.*

BOBBITT, J. The act of "carnally knowing and abusing any female child under the age of twelve years" is rape. G.S. 14-21; *S. v. Monds,* 130 N.C. 697, 41 S.E. 789; *S. v. Johnson,* 226 N.C. 671, 40 S.E. 2d 113. Neither force, *S. v. Johnson, supra,* nor intent, *S. v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51, are elements of this offense.

"The terms 'carnal knowledge' and 'sexual intercourse' are synonymous. There is 'carnal knowledge' or 'sexual intercourse' in a legal

sense if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male. It is not necessary that the vagina be entered or that the hymen be ruptured; the entering of the vulva or labia is sufficient. G.S. 14-23; *S. v. Monds,* 130 N.C. 697, 41 S.E. 789; *S. v. Hargrave,* 65 N.C. 466; *S. v. Storkey,* 63 N.C. 7; Burdick: Law of Crime, section 477; 44 Am. Jur., Rape, section 3; 52 C.J., Rape, sections 23, 24." *S. v. Bowman,* 232 N.C. 374, 61 S.E. 2d 107; *S. v. Reeves,* 235 N.C. 427, 70 S.E. 2d 9.

The State's evidence was positive as to each and every element of the crime charged in the bill of indictment.

There are sixty-two assignments of error, based on sixty-five exceptions. Only those brought forward in defendant's brief will be discussed. The other assignments, plainly without merit, are deemed abandoned. *S. v. Gordon,* 241 N.C. 356, 362, 85 S.E. 2d 322.

Assignments 6 and 7 relate to the court's action in sustaining the State's objections to questions asked by defendant's counsel in his cross-examination of the child's mother. Since the record does not show what this witness would have testified if permitted to answer these questions, *S. v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342, there is no need to set forth the reasons why we think these objections were properly sustained.

Assignments 8 and 10, which we consider together, relate to the court's action in overruling defendant's *general* objections to questions asked two qualified medical experts.

The evidence tends to show that on June 3rd, six days after the alleged rape, the child was first examined by Dr. McDowell, who sent her to St. Agnes Hospital where she was examined by Dr. Bradby; and that she remained in the hospital for treatment from June 3rd until June 10th. Dr. McDowell, based upon his clinical examination, and Dr. Bradby, based upon his clinical examination and upon laboratory tests, testified that in their opinion the child was suffering from gonorrhea. Dr. McDowell testified that, on the average, it would take from three to five days for the disease to appear after a person had been contacted with gonorrhea. Dr. Bradby testified that in his opinion the child had been penetrated.

It appears further that Dr. Bradby testified, without objection, both on direct and cross-examination, that in his opinion the child had contracted gonorrhea by sexual intercourse.

Defendant's basic contention is that the evidence to the effect that the child was suffering with gonorrhea on June 3rd was incompetent and prejudicial in the absence of evidence tending to show that defendant had gonorrhea.

It was incumbent upon the State to establish the *corpus delicti,* the fact that a crime of the character charged had been committed. *S. v.*

*Cope,* 240 N.C. 244, 81 S.E. 2d 773. Moreover, the State was required to offer evidence sufficient to establish this fact beyond a reasonable doubt. The doctors' testimony, to which objection was made, was admissible as tending to corroborate the testimony of the child as to the fact that a male person had carnally known and abused her. *Malone v. State,* 37 Ala. App. 432, 71 So. 2d 99. In *S. v. Edwards,* 224 N.C. 577, 31 S.E. 2d 762, this Court quoted with approval, and applied to the case before it, this statement from 22 C.J.S., Criminal Law Sec. 567: "The prosecution has the burden of proving the *corpus delicti,* that is, that a crime has been committed, before the jury may proceed to inquire as to who committed it."

It is not a "ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of admission, that its purpose shall be restricted." Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 544, 558; *S. v. Sutton,* 225 N.C. 332, 336, 34 S.E. 2d 195, and cases cited. Here, defendant made no request that the doctors' testimony be restricted to corroboration of the child in respect of the *corpus delicti.*

The only contention made by defendant in support of assignments 17, 53 and 54 is that the court erred in instructing the jury that it could return one of only three possible verdicts: (1) guilty of rape, (2) guilty of rape with recommendation that the punishment be imprisonment in the State's Prison for life and (3) not guilty. Defendant's contention calls for consideration of G.S. 15-169 and G.S. 15-170, the provisions of which are set out below.

G.S. 15-169. "Conviction of assault, when included in charge.—On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, *if the evidence warrants such findings;* and when such verdict is found the court shall have power to imprison the person so found guilty of an assault, for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character." (Our italics)

G.S. 15-170. "Conviction for a less degree or an attempt.— Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

An indictment for rape, as G.S. 15-169 declares, includes an assault against the person; and *where there is evidence sufficient to warrant such finding,* the jury may acquit of the felony of rape and return a verdict of guilty of a lesser criminal assault.

Thus, in *S. v. Williams,* 185 N.C. 685, 116 S.E. 736, where the in-

dictment was for rape, the State's evidence tended to show rape accomplished by defendant's use of a pistol or gun. However, the defendant's evidence was that the admitted act of sexual intercourse was by consent, that he neither used nor had a pistol or gun, and that he used no force of any kind. On account of defendant's said evidence, it was held that the court erred in refusing to give in substance the defendant's special request that the jury be instructed to the effect that they could return any one of five possible verdicts, viz.: (1) guilty of rape, (2) guilty of assault with intent to commit rape, (3) guilty of assault with a deadly weapon, (4) guilty of assault upon a female, the defendant being a male person over 18 years of age, and (5) not guilty, according to the jury's findings as to what occurred.

But G.S. 15-169 and G.S. 15-170 are applicable *only when there is evidence* tending to show that the defendant may be guilty of a lesser offense. *S. v. Jackson,* 199 N.C. 321, 154 S.E. 402; *S. v. Smith,* 201 N.C. 494, 160 S.E. 577; *S. v. Hairston,* 222 N.C. 455, 23 S.E. 2d 885; *S. v. Farrell,* 223 N.C. 804, 28 S.E. 2d 560; *S. v. Brown,* 227 N.C. 383, 42 S.E. 2d 402. These decisions relate to criminal prosecutions and convictions for the crime of rape. In the cases cited by defendant, none of which involves a prosecution and conviction for the crime of rape, the Court held the evidence sufficient to warrant a finding that the defendant was guilty of a lesser offense.

In *S. v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, where the crime charged, robbery, *ex vi termini,* included an assault on the person, this Court, citing earlier cases, said: "The distinction is this: The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

As stated above, the State's evidence was positive as to each and every element of the crime charged in the bill of indictment. There was no conflict in the evidence relating to any element of the crime charged. There was no evidence that would warrant or support a finding that defendant was guilty of a lesser offense. The carnal knowledge and abuse of the child was the only assault supported by evidence. Disbelief of the testimony of the child as to any essential element of the crime charged in the bill of indictment would not warrant a conviction for a lesser offense but would require a verdict of not guilty.

Defendant's assignments to the court's said instructions lack merit and are overruled.

In support of assignments 18-50, inclusive, which are based on all exceptions taken to the charge, defendant contends that the court failed to comply with G.S. 1-180 in that (1) it failed to declare and explain the law arising on the evidence given in the case, and (2) it failed to give equal stress to the contentions of the defendant. These contentions are without merit.

As to (1), it is noted that defendant does not attempt to point out any particular matter arising on the evidence concerning which the court failed to declare and explain the law. Indeed, an examination of the charge reveals that the court did not, as suggested by defendant, confine his instructions to a "general statement of legal principles," but clearly instructed the jury that it could return a verdict of guilty only if the State had satisfied them beyond a reasonable doubt as to the particular facts, stated in detail in terms of the evidence in this case, necessary to constitute the crime charged.

As to (2), defendant cites *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196, and other cases, all involving entirely different factual situations. It is noted that *Denny, J.,* in *Brannon v. Ellis, supra,* citing cases, points out that "a trial judge is not required by law to state the contentions of litigants to the jury." In reviewing the evidence, the court made a plain and accurate statement of the testimony of each witness. Nowhere does the court undertake to state any contentions of the state as to *why* the jury should believe and accept the testimony of any of the State's witnesses. As to contentions, he simply stated that the State contended that the jury should be satisfied from the evidence beyond a reasonable doubt that the facts were as testified by the State's witnesses and that defendant contended that the jury should not be so satisfied. It was not inappropriate for the court to leave to counsel for the State and counsel for defendant, respectively, the making of contentions relating to the credibility of the witnesses and the probative value of their testimony.

A full and careful review of the record discloses no prejudicial error. Indeed, it appears that the case was fairly and well tried.

No error.

PARKER, J., not sitting.